EBEN D. JORDAN *vs.* AGAWAM WOOLLEN COMPANY & others.

A defendant in the circuit court of the United States gave bond, with a surety, conditioned to keep and perform the final decree in the cause and pay all sums which might therein and thereby be decreed to be paid by him. The circuit court rendered a final decree against him for damages and costs, from which he appealed to the supreme court of the United States and gave bond, with a different surety, to pay all such costs as that court should decree to be paid to the plaintiff upon affirmance of the decree of the circuit court. The supreme court affirmed that decree, with costs and interest; and, pursuant to its mandate, the circuit court decreed that its own former decree be affirmed, with costs and interest, and that execution issue for the sum found due by that decree with interest from its date, and for the further amount of the costs decreed by the supreme court and the costs taxed in the circuit court upon the return of the mandate. *Held*, that this was the final decree in the cause, within the meaning of the first bond.

CONTRACT, brought December 18, 1869, on a bond dated December 19, 1864, executed by the Agawam Woollen Company as principal, and Joseph S. Potter, John Wetherbee, Jr., and John W. Beals as sureties, conditioned that the company would keep and perform the final decree in a cause in equity then pending in the circuit court of the United States for the first circuit, within and for the district of Massachusetts, in which Eben D. Jordan was plaintiff and the company defendants, and pay to Jordan all sums which in and by said decree might be decreed to be paid by the company. All the defendants except Beals were defaulted.

At the trial in this court, before the chief justice, it appeared that on November 27, 1866, a final decree for the plaintiff, for

damages and costs, was made in said cause by the circuit court that from this decree the company appealed to the supreme court of the United States, and on December 1, 1866, entered into a bond, as principal, with Quincy Browne as surety, in the sum of $500, given to Jordan and conditioned that the company should pay all such costs as the supreme court should adjudge or decree to be paid to Jordan upon the affirmance of the decree of the cir-- cuit court; that on March 1, 1869, the supreme court affirmed the decree of the circuit court, with costs and interest, and sent a mandate to the circuit court accordingly ; that in pursuance of said mandate the circuit court, on September 20, 1869, decreed that its decree be affirmed, with costs and interest, and that exe- cution issue for the amount decreed as aforesaid, with interest thereon from November 27, 1866, and for the costs decreed in the supreme court and in the circuit court on the return of the man- date ; and that an execution was issued accordingly and returned in no part satisfied. The chief justice reserved the case for the full court to render such judgment thereon as should be proper.

*J. D. Ball*, for the plaintiff, was stopped by the court.

*B. Dean & T. Dean*, for Beals.

BY THE COURT. The bond sued on is a good bond at common law. It is conditioned to pay such sum as shall be decreed by the final decree in a cause between Jordan and the Agawam Wool- len Company, then pending in the circuit court of the United States for this district. The decree rendered by that court in 1869 affirmed its own former decree of October term 1866, from which an appeal had been taken to the supreme court of the United States, and which had been affirmed by that court, with costs and interest ; and, in accordance with the mandate of the supreme court, ordered execution to issue for the sum found due by its own former decree, with interest thereon from its date, and also for the further amount of the costs decreed by the supreme court, and of the costs taxed in the circuit court upon the return of the mandate. This is the last decree of the circuit court ; it includes the whole amount of damages and costs recovered; and t is the final decree in the cause, within the meaning of this bond.

*Judgment for the plaintiff.*