# SUPREME COURT.

MARGARET N. PECK agt. GREY C. HOTCHKISS and others.

*Answer of another suit pending.*

It is a good answer to an action for seizing property under an attachment, that the suit in which the attachment was issued is still pending; and this, though the plaintiff's complaint in the attachment suit was dismissed, if an appeal from the judgment of dismissal has been duly taken, and the appeal be pending undetermined.

*Special Term, December,* 1874.

DEMURRER to answer.

*Niles & Bagley,* for plaintiff.

*Payne & Lewis,* for defendants.

VAN VORST, *J.*— As a principal ground of the plaintiff's cause of action, it is averred, in the complaint, that the action in which the attachment was issued, under which the plaintiff's property was seized, was dismissed in the court out of which the attachment issued, with costs, and that judgment was rendered in favor of this plaintiff, who was the defendant in the attachment suit.

The defendants, however, in their answer to the complaint herein, while they admit that such judgment of dismissal was rendered in the attachment suit, allege that they have, within the period prescribed by law, duly appealed from said judgment to the general term of the court, and have executed and filed the proper undertaking required on such appeal, and that said appeal is still pending and is undetermined.

Peck agt. Hotchkiss.

The pendency of such appeal is matter proper to be set up as a defense to this action. For it may be that the judgment appealed from may be reversed, and it may yet be determined in the action that the same was maintainable, and the attachment properly and legally issued and levied.

The plaintiff having based her cause of action upon the seizure of her property under the attachment, until it be formally adjudicated, in the action in which the attachment was issued, that the plaintiffs therein had no cause of action against the plaintiff in this suit, and no valid ground for the issuance of the attachment, their proceedings cannot be called unlawful in taking the property in question under the process in that action.

The plaintiff's cause of action becomes complete only when final judgment is rendered in his favor in the attachment suit. But with an appeal pending the judgment of dismissal cannot be considered final, nor the action to be ended. Nor can we try here, for the purposes of this action, the merits of the suit in which the attachment was issued; nor give them any available consideration as long as that action is undetermined.

There should be judgment for the defendant on the demurrer, with costs.