## TUTTY v. RYAN ET AL.

PRACTICE—PLEADING—PLEA IN ABATEMENT—ANSWER—PRINCIPAL
AND SURETY—INJUNCTION—SUIT ON INJUNCTION BOND—WHEN
ACTION MAINTAINABLE—APPEAL FROM JUDGMENT IN ORIGINAL
CAUSE—DISMISSAL—RES JUDICATA—COSTS.

1. A pleading filed by defendant alleging facts deemed sufficient
   to abate the action and containing the essentials of an
   answer may properly be regarded as such, though it be
   styled by the pleader a "plea in abatement."

2. Without deciding whether a pleading to be technically styled
   a plea in abatement is ever authorized under the code, it is
   suggested that generally an answer, under the code pro-
   cedure, seems to be considered the appropriate medium for
   presenting issuable facts either in abatement or bar of the
   action.

3. Sureties are bound only by the terms and conditions of their
   bonds.

4. An action upon an injunction bond or undertaking cannot be
   maintained before final decree in the cause in which the
   bond or undertaking was given.

5. Where an injunction plaintiff, with sureties, upon the allow-
   ance of a temporary restraining order by the District Court,
   has given an undertaking, as required by statute, to secure
   the party enjoined the damages he may sustain if it be
   finally decided that the injunction ought not to have been
   granted, an action upon such undertaking cannot be main-
   tained pending a valid proceeding in error to review the
   judgment of the District Court adverse to the injunction
   plaintiff, though the proceeding in error be instituted after
   the commencement of the suit upon the undertaking, and
   though no supersedeas bond or undertaking be given.

6. Upon the allowance of a temporary injunction by the District
   Court in a pending suit, the injunction plaintiff, with
   sureties, gave an undertaking conditioned, substantially as
   required by statute, that they would pay the defendant
   "such damages as he may sustain in case it shall be finally
   determined and decided that the injunction should not have
   been granted." On final hearing in the District Court judg-
   ment was rendered for defendant, the injunction dissolved,
   and it was decided that the injunction ought not to have
   been granted. Thereafter suit was brought upon the un-
   dertaking against the injunction plaintiff and his sureties,

who subsequently filed an answer therein in abatement of the action, alleging that since its commencement the injunction plaintiff had, within the time allowed by law, duly perfected a proceeding in error in the Supreme Court for the review and reversal of the judgment in the injunction suit, which was then pending. A demurrer to the answer was overruled, and, the plaintiff refusing to further plead, the action upon the undertaking was dismissed. *Held,*

(1) That pending the appellate proceedings, though no supersedeas had been filed, suit could not be maintained upon the undertaking, since, until the determination of such proceedings, the judgment appealed from would not amount to a final decision, that the injunction ought not to have been granted.

(2) That the dismissal of the suit was proper.

(3) That the judgment of dismissal would not operate as a bar against a future action upon the undertaking, should the judgment in the injunction suit be afterwards affirmed in the appellate court.

(4) That defendants would be entitled, upon the judgment of dismissal, to recover only such costs as may have accrued after filing their answer in abatement.

[Decided December 2, 1904.]                (78 Pac., 657.)
[Rehearing denied March 6, 1905.]          (79 Pac., 920.)

Error to the District Court, Crook County, Hon. Joseph L. Stotts, Judge.

The action was brought by George W. Tutty against J. C. Ryan, A. L. Ripley and J. W. Rogers upon an injunction bond. From a judgment dismissing the action plaintiff prosecuted error. The facts are stated in the opinion.

*H. A. Alden* and *E. E. Enterline,* for plaintiff in error.

The objection that the action was prematurely brought should have been raised by answer rather than by plea in abatement, because the common law plea in abatement has been abolished by the codes. (Honeycutt v. Nyquist (Wyo.), 74 Pac., 90.) It may be assumed, however, for the purpose of the argument that the question was properly raised. It seems to be uniformly held that an action on an

injunction bond always lies after the determination of the suit in which the bond was given. (Murfree Off. Bonds, Sec. 391; 2 High on Inj., Sec. 1649; 1 Spelling on Inj., Sec. 957; Kilpatrick v. Haley, 6 Colo. App., 407; Terry v. Trustees, 72 Ill., 476; Penny v. Holberg, 53 Miss., 567; Bank v. Gifford, 65 Ia., 648; Bemis v. Gannett, 8 Neb., 236; Clark v. Clayton, 61 Colo., 634; Dougherty v. Dore, 63 Cal., 170; Krug v. Bishop, 44 O. St., 221; Ry. Co. v. Burke, 43 N. E., 282; Brown v. Edwards, 44 Neb., 361; Asevado v. Orr, 100 Cal., 293; Reddick v. Webb (Okla.), 50 Pac., 363; Brown v. Min. Co., 32 Kan., 548; Nielsen v. City, 87 Minn., 285; Mitchell v. Sullivan, 30 Kan., 231; Tullock v. Mulvane, 61 Kan., 650; Johnson v. Bouton (Neb.), 77 N. W., 57; Jones v. Ross, 48 Kan., 474; Welch v. Benheim, 6 O. N. P., 33; Thurston v. Haskell, 81 Me.. 303; Alaska Imp. Co. v. Hirsch, 119 Cal., 249.) Though the cases cited arose in actions which were instituted after. the dissolution of the temporary injunction and before the final judgment had been rendered, they indicate that the action lies immediately upon the determination of the suit in the court in which the bond was given.

The fact that proceedings in error were instituted by the plaintiff in the injunction suit does not deprive the defendant of the right to institute an action on the injunction bond, nor was the action prematurely brought. (Tullock v. Mulvane, 61 Kan., 650; S. C., 184 U. S., 497; Alaska Imp. Co. v. Hirsch, 119 Cal., 249.) The case cited by defendants in error to the contrary from Missouri (Cohn v. Lehman, 93 Mo., 574) is not a parallel case. In that case the appeal was pending at the time suit was brought.

No supersedeas bond was given as provided by Section 4264 of the Revised Statutes, and hence the judgment below was not stayed. Even if the proceedings in error would operate to abate the action, the District Court had no authority to dismiss, for the reason that at the time the action commenced there was no appeal pending and the court should have merely abated the action until the pro-

ceedings in error were finally disposed of. We insist that the trial should have been proceeded with, and that the plea interposed by the defendants was entirely insufficient in law on its face.

(On petition for rehearing.) The plaintiff had a right of action at the time he commenced his suit, and the only effect of instituting proceedings in error would be to suspend the proceedings in the lower court until the question could be determined in the appellate court. The plaintiff in error has one year in which to institute proceedings in error, which time may be extended where a party has been unavoidably prevented from instituting proceedings, not exceeding eighteen motnhs. Must a party, therefore, who has succeeded in securing the dissolution of an injunction wait at least one year before instituting an action upon the undertaking? It would seem that the correct rule should be that where proceedings in error are instituted, if the action is commenced upon the undertaking, the action should be merely suspended until the proceedings in error are fully determined. The matters set up in the answer should have been presented by a supplemental plea. (Phillips on Code Pleading, Sec. 317.) It cannot be successfully contended that at the time the action was begun (there being no appellate proceedings pending) a right of action would not exist unless it should be held that the plaintiff was compelled to wait at least one year before commencing the action. Clearly, if no proceedings in error had been instituted a general demurrer could not have been successfully opposed to the facts stated in the petition, unless it be that the right of action would not accrue until the expiration of the period for appeal. If the plaintiff had a right of action at the time the suit was commenced, and subsequent thereto appellate proceedings were instituted from the judgment in the injunction suit, then clearly the action ought not to have been dismissed at the plaintiff's cost, but the court should merely have stayed the action until the conclusion of the proceedings in error. It is therefore submitted that the

judgment in this court should be at least modified by directing the court below to vacate its order and enter an order suspending proceedings until the final determination of the proceedings in error.

*Nichols & Adams,* for defendants in error.

An action is not finally determined until concluded in the court of last resort or until the time for an appeal has elapsed and the defeated party has failed to perfect his appeal. Though the common law plea in abatement may have been abolished by the code, a defendant is not prevented from pleading matter in abatement or in bar, ·or both, as he may deem proper; and it matters not what the plea is called. A cause of action is considered pending until final determination thereof upon appeal in the appellate court. (Rynearson v. Fredenberg (Mich.), 4 N. W., 187; Bank v. Gifford (Ia.), 22 N. W., 913.) The right .of action does not accrue upon an injunction bond until the final determination of the injunction suit, and there is no right to enforce the bond pending an appeal ·from the judgment in the injunction suit. (1 Spelling on Inj., Sec. 95.) And it is immaterial whether supersedeas was obtained or not. (Cohn v. Lehman, 93 Mo., 574.)

The plaintiff having commenced his action before any cause of action had accrued, and appeal having· been perfected within the time given by law, the court properly dismissed the action until such a time as he could show that he had a cause of action against the defendants. Plaintiff has a bond for his damages and is, therefore, presumed to be abundantly protected; but if he should recover upon the bond pending the appeal from the judgment in the injunction suit the defendants would be in no way protected.

There must be a final judgment in the original suit in which the restraining order was issued before suit can be maintained on the injunction bond. (Bemis v. Garnett, 8 Neb., 236; Gray v. Veirs, 33 Md., 159; Penny v. Holberg, 53 Miss., 567; Thompson v. McNair, 64 N. C., 448;

Weeks v. Southwick, 12 How. Pr., 170; Dowling v. Po-
lack, 18 Cal., 625.)   We insist that a case is not finally
determined until one of the parties to the suit could suc-
cessfully plead *res judicata* if the same facts are·set up in
another case.   And so long as a case is pending on appeal
a party could not so plead.   He might plead the pendency
of another cause in another court for the same relief, but he
could not successfully plead *res judicata*.   (Henessy v.
Smelting Co. (Wash.), 74 Pac., 584.)

POTTER, JUSTICE.

This is a suit instituted in the District Court in and for
Crook County, upon an undertaking given upon the allow-
ance of a temporary restraining order in an action brought
against the plaintiff in error herein by one J. C. Ryan, one
of the defendants in error.   The sole purpose of that
action was to enjoin the diversion and use of certain
springs, to the water of which as tributary to a certain
stream the said Ryan claimed a prior appropriation.

Upon the final hearing of said injunction suit in the
District Court, there was a general finding for the de-
fendant therein, and it was ordered that the temporary
restraining order be and the same was thereby dissolved,
that it ought not to have been granted, and that defendant
therein "go hence without day" and recover his costs.
Said judgment was rendered June 23, 1903.   The present
suit was commenced October 16, 1903, by the plaintiff in
error against the said Ryan as principal and the other de-
fendants in error as sureties in said undertaking to recover
damages alleged to have been sustained in consequence of
the temporary restraining order.

To the petition alleging the allowance and issuing of the
injunction, the execution of the undertaking, the judgment
of the District Court, and the damages claimed to have
been suffered on account of the injunction, and their non-
payment, the defendants interposed a pleading styled
"Plea in abatement," alleging that the judgment of the

District Court was not final and setting forth in detail various steps that had been taken by the defendant Ryan, the plaintiff in the injunction suit, to commence and perfect proceedings in error in the Supreme Court of the state for the review and reversal of the judgment of the District Court in said suit; from which it appears that after the commencement of this action upon the undertaking, a proceeding in error had been duly perfected in the Supreme Court, and was then pending therein, wherein a reversal of the judgment in the former suit was sought, but it does not appear that any supersedeas bond was given. The plea prayed that the action may be abated. To the plea in abatement, so-called, the plaintiff filed a general demurrer, which was overruled by the court; and, the plaintiff refusing to plead further, the court entered judgment that the action be dismissed and that defendants recover their costs. The plaintiff complains of that judgment on error.

Counsel for plaintiff in error question, in the first place, the right of a defendant to file a plea in abatement by that name, on the ground that such a plea has been abolished by the code. Section 3532, Revised Statutes, declares that the only pleadings allowed are: (1) Petition. (2) Demurrer. (3) Answer; which, when affirmative relief is demanded therein, may be styled cross-petition. (4) Reply. But, for the purpose of the argument, counsel assume that the plea properly raised the question as to the right to maintain the action, and do not seem to insist upon the objectionable title of the pleading. We need not consider whether a pleading to be technically styled a plea in abatement is ever authorized under the code, since the pleading before us contains the essentials of an answer alleging facts deemed sufficient to abate the action, and it may properly be regarded as such, notwithstanding the name given it by the pleader. It may be observed, however, that generally under the code procedure an answer seems to be considered the appropriate medium for presenting issuable

facts either in abatement or bar of the action.   (See 2 Ab-
bott's Trial Briefs on Pleadings, pp. 999-1001, note 6.)

The important inquiry presented is whether the pendency
of the proceeding in error for the review of the judgment
in the injunction suit constituted a good defense in abate-
ment of the action on the undertaking, the said error pro-
ceeding having been instituted within the period prescribed
by the statute.

The statute requires the undertaking in case of an in-
junction to be given "to secure to the party enjoined the
damages he may sustain if it be finally decided that the in-
junction ought not to have been granted."   (R. S., Sec.
4043.)   And the condition of the undertaking sued on is
that the obligors will pay the defendant, his heirs and
administrators, "such damages as he may sustain not ex-
ceeding the sum of two hundred and fifty dollars, in case
it shall be finally determined and decided that said injunc-
tion should not have been granted."   It is a familiar prin-
ciple that sureties are bound only by the terms and condi-
tions of their bonds.   The obligation here entered into is
to pay the damages sustained in case it be finally decided
that the injunction should not have been granted, which is
substantially the obligation prescribed by the statute.

A judgment rendered by the District Court may be
reversed, vacated or modified by the Supreme Court for
errors appearing on the record.   (R. S., Secs. 4247, 4249.)
The proceedings to obtain such reversal, vacation or mod-
ification shall be by petition in error setting forth the
errors complained of.   (R. S., Sec. 4251.)   And upon
reversing a judgment the Supreme Court may proceed to
render such judgment as the court below should have
rendered, or may remand the cause to the court below for
such judgment.   (R. S., Sec. 4265.)   These provisions
constitute a part of the code containing the section pre-
scribing the condition of an injunction undertaking.

It is true that the code also provides that no proceeding
to reverse, vacate or modify a judgment or final order of

the District Court, except in certain immaterial cases, shall operate to stay execution until a written undertaking with sureties shall be filed as prescribed by the statute. (R. S., Sec. 4256.) But this is not a suit upon the judgment, nor a proceeding to enforce the same. No written undertaking to stay execution having been filed, the injunction defendant might have caused execution to issue to collect his judgment for costs from the property of the injunction plaintiff. But that execution would not have run against the sureties. Their only liability is upon the undertaking signed by them, and this suit is based upon that undertaking. It is not perceived that the filing of an undertaking to stay execution would have made any material difference in the liability of the parties on the undertaking sued on. The question is, had there been a final decision, within the contemplation of the statute, and the meaning of the undertaking, that the injunction ought not to ·have been granted.

We have not been cited to any authority holding that, pending an appeal from the judgment in the injunction suit which may result in its reversal or vacation, suit may be successfully maintained upon the injunction bond, nor has our somewhat careful investigation disclosed any. Counsel for plaintiff in error cite a long list of cases to the effect that such an action does not lie until the final determination of the cause in which the bond is given, although the injunction may have been dissolved prior to final judgment, and, since those cases generally were where suit on the bond was instituted after dissolution and before final judgment, it is argued that the reasoning and expressions of the courts indicate that an action lies immediately upon the termination of the suit in the court in which the bond is given. In those cases the question as to the effect of an appeal was not considered; and in the absence of any appeal it is doubtless true that the action may be maintained immediately after final termination in the trial court. But we cannot agree that the reasoning of the courts in

the class of cases mentioned indicate that, although an appeal be taken, recovery may nevertheless be had on the bond pending the appeal.

The general rule is well settled that an action on an injunction bond cannot be maintained before final decree in the cause in which the bond was given; and the reason usually assigned for that rule is, that an interlocutory dissolution can in no sense be considered a final disposition of the injunction, or a decision that the plaintiff was not entitled thereto, since upon final hearing it may be reinstated and made perpetual. And while the rule has more generally found expression in cases where suit has been brought after dissolution on motion, and before final disposition of the cause in the court where it originated, the reasoning to our mind is as persuasive against the right to maintain the suit pending proceedings on appeal or error that may result in a reversal or vacation of the judgment of the trial court, and in a reinstatement of the injunction and an order of the appellate court requiring it to be made perpetual. And in two states at least it has been so held.

In Missouri the precise question was decided; and it was held that an action on an injunction bond, instituted pending a valid appeal from a final decree dismissing plaintiff's bill, cannot be maintained, although no supersedeas was filed. (Cohn v. Lehman, 93 Mo., 574.) In that case the court bases its decision upon the general principle above stated that no right of action accrues on the bond until a final decree be rendered in the cause. With reference to the absence of a supersedeas, the court said in substanc that a supersedeas operates only on the process of the court, it stays execution, and that is its only office, but that in all other respects the appeal is as operative without, as with, supersedeas, and, further, "Rights which do not depend upon the execution of the decree, but which depend upon the final determination of the issues in the suit, are left in the same condition by an appeal without, as with, supersedeas, and, as we have seen, the right of plaintiff to

sue in this case is dependent upon the final determination of the suit in which the bond is given." A judgment for defendant was affirmed.

In a case in New York, the condition of the undertaking was to pay such damages as the injunction defendant might sustain by reason of the injunction, if the court should finally decide that the plaintiff was not entitled thereto. The court said: "The decision of the special term, if allowed to stand, was a determination of the case. But when an appeal was perfected by the execution of the bond required by the code, the final decision was postponed until that appeal was decided. In the meantime, the defendant has no claim to an order of reference to assess the damages. The plaintiff having appealed, and executed the proper undertaking, it cannot be claimed that there has been a final determination of the cause." (Musgrave v. Sherwood, 76 N. Y., 194.) The reference in that case to the bond on appeal seems to have been directed only to its effect in perfecting the appeal, and, on reading the whole case, it is not, we think, to be understood that the court rested its conclusion so much upon the fact that the judgment had been stayed by the appeal bond, as upon the proposition that pending appeal there had not been a final determination that the plaintiff was not entitled to the injunction.

Another case quite analogous on principle is Maxwell v. Griffith, 20 Wash., 106 (54 Pac., 938). That was a suit on an attachment bond. When it was begun, an appeal was pending from the judgment in the principal action, and error was alleged on the appeal in dissolving the attachment. The action was held to have been prematurely begun. The court said in part: "The order dissolving the attachment in this case having been regularly appealed to this court, and undetermined, the order of dissolution was not a final one, but was suspended."

In Ohio the statutory condition of the undertaking is the same as in this state. It has there been held that a

decree of the court of common pleas making the injunction perpetual did not operate to discharge the obligors from liability, where the decree was appealed from and the appellate court found the original plaintiff's claim unfounded, and dismissed the' petition; that the order of the appellate court was the final decision in the cause, and was in effect a decision that the injunction ought not to have been granted; and thereupon an action arose on the bond. (Williams v. Baker, 13 Ohio C. C. Rep., 500.)

The condition of a bond sued on in Massachusetts was that the principal obligor would keep and perform the final decree in a cause in equity then pending in the Circuit Court of the United States for the First Circuit, within and for the District of Massachusetts, in which, etc. (naming the parties). It appeared that an appeal was taken from the final decree rendered in said Circuit Court to the United States Supreme Court, wherein the decree was affirmed with costs and interest, and upon the mandate from said appellate court, the Circuit Court affirmed its former decree with costs and interest. In a suit subsequently brought on the bond, the question arose as to which decree was the "final" one referred to in the condition of the bond. The court held that the last decree, which included the whole amount of damages and costs, was the final decree within the meaning of the bond. (Jordan v. Agawam Woolen Co., 106 Mass., 571.) And it was held in an English case that where a *cognovit* provided for entering judgment thereon after final hearing and final decree in a certain chancery suit, it was improper because premature to enter up judgment on the *cognovit* pending an appeal from the decree in such chancery suit. Lord Denman said: "Final decree must mean a conclusive decree; the decree of the master of the rolls is not conclusive till the appeal be determined." (Jones v. Reynolds, 1 A. & E., 384.)

The question involved is a novel one, judged from the scarcity of authority, and not free from difficulty; but the

proposition seems to us clear and irrefutable that where, as in this jurisdiction, the injunction plaintiff is allowed, without bond, to institute and perfect proceedings in the Supreme Court for the review of the adverse judgment of the District Court, wherein and whereby the appellate court may reverse, vacate or modify the judgment and may enter or order to be entered an entirely different judgment, it cannot reasonably be said that, pending the appeal, there has been a final determination of the cause, or that the judgment appealed from amounted to a final decision that the injunction ought not to have been granted, within the contemplation of the statute.

We have not deemed it material to the question here involved whether, ordinarily, the effect of an appeal or proceeding in error is to suspend the operation of a judgment as evidence or as an estoppel. On that subject the authorities are not harmonious. (See 2 Black on Judg., Sec. 510.) Possibly, in view of the judgment adverse to his claims and while it remains unreversed, the injunction plaintiff would be unable on the same state of facts to secure another injunction; and the judgment is clearly enough competent evidence of the decision of the court which rendered it. But is it to be taken as conclusive evidence in a suit on the undertaking that it has been *finally decided* that the injunction should not have been granted, in the face of the fact that a proceeding in error is duly pending in a superior tribunal which may result in the vacation of the judgment? We think not.

Although no case has been cited maintaining the right to sustain the action on the bond pending appellate proceedings duly perfected, counsel for plaintiff in error refer us to two cases deemed by them to have that effect. We do not so understand them. One of the cases is Alaska Imp. Co. v. Hirsh, 119 Cal., 249 (47 Pac., 124). The contention in that case was that the action was prematurely brought, inasmuch as the time for appeal had not expired. It was not claimed that an appeal had been taken, but reliance was

solely placed upon the alleged fact that the time within which it might be taken had not expired. It must be readily seen that a very different question was presented, since there was nothing to show that an appeal would in reality be perfected or even attempted. But the court did not even decide the question so presented. The defendants based their contention on a statute which provided that "an action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." And the court held that, as the answer did not allege that the judgment had not been satisfied, it would be assumed that it was satisfied at the date of its entry; and hence the pleading failed to show that the time for appeal had not expired. The court, however, did remark, in passing, that the cases on the general subject seemed to assume that an action might be brought after final judgment entered by the court in the suit in which the bond was given. It is evident that the question now before us was not considered in the case cited, and that the reference to the general holding of the cases is not to be regarded as in any sense an expression of an opinion contrary to our conclusion.

The other case is Tullock v. Mulvane, 61 Kan., 650; 60 Pac., 749; S. C., 184; U. S., 497. The defendant Mulvane had contracted to sell the capital stock of a certain corporation to Coffin & Stanton and Woodbury & Moulton. The firm of Wescott & Hanson, claiming that Mulvane had previously contracted to sell the same stock to them, brought an action in the United States Circuit Court to compel a specific performance of the agreement to sell to them, and for an injunction against the execution of the contract to sell to the other parties. Injunction was granted, but was subsequently dissolved by the Circuit Court, on motion of Coffin & Stanton, on the ground that an indispensable party had not been made defendant, and could not be without ousting the court of jurisdiction, because such party and the plaintiffs were citizens of the same state. When the

injunction was granted the plaintiffs were permitted to
make a cash deposit instead of giving bond; but after dis-
solution they were permitted to substitute a bond for the
deposit; and the bond recited that the injunction had been
dissolved.   Subsequently, upon stipulation, the bill was
dismissed as to all defendants except Mulvane, and so
much of the bill as sought a specific performance was with-
drawn, and the suit was allowed to proceed against Mul-
vane as at law for damages for non-performance, instead
of in equity for specific performance of the contract be-
tween plaintiffs and Mulvane.   By the aforesaid stipula-
tion the dismissed defendants expressly waived all right of
action on the injunction bond, but it was agreed that the
dismissal should not enlarge or lessen, or in any manner
affect the rights or remedies of Mulvane against com-
plainants in that or any other action.   On final hearing of the
suit as one for damages, the bill was dismissed with costs
in favor of defendant Mulvane.   The plaintiffs appealed to
the Circuit Court of Appeals from the decree finally dis-
missing their bill, and, pending that appeal, Mulvane in-
stituted action upon the injunction bond.   Against the con-
tention that the action was prematurely brought pending
such appeal, both the Supreme Court of Kansas and the
Supreme Court of the United States, where the suit on
the bond was taken on error, held that the appeal was not
from the order dismissing the bill for specific performance,
because that dismissal was had at the instance of the plain-
tiffs themselves, but was from the order dismissing the bill
for damages; that it was not an appeal from the order dis-
missing the bill for injunction, because that dismissal was
involved in the dismissal of the claim for specific perform-
ance; and that the effect of the dismissal of the bill for
specific performance was to abandon the claim for an in-
junction, since the injunction could only be awarded as an
incident to the equitable relief.   The Supreme Court of the
United States say that the necessary effect of the agreement
for the withdrawal of all demand for specific performance

was to withdraw from the case all controversy on the subject of the injunction.

It has seemed necessary to go so far into the facts of that case to show clearly what was decided. Neither court decided that, pending an appeal from the judgment dissolving an injunction, an action could be maintained upon the injunction bond. But they decided that there had been no appeal from the judgment dissolving the injunction, and upon that ground alone the objection that the action was prematurely begun was held to be untenable. There is nothing contained in the opinion of either court indicating that the action would have been properly brought had the question as to the injunction been involved in a valid appeal. On the contrary, the indication, if any, is the other way. There is no error in the record. Judgment will be affirmed.                                            *Affirmed.*

CORN, C. J., concurs.

### ON PETITION FOR REHEARING.

POTTER, JUSTICE.

Plaintiff in error has filed a petition for rehearing. The chief contention now is that as the proceedings in error for the review of the judgment in the suit wherein the undertaking sued on was given were not instituted until after the commencement of this action on the undertaking, a right of action existed when suit was commenced and, instead of dismissing the action, the court should merely have suspended further proceedings until the determination of the error proceedings.

We need not consider whether the court might in its discretion have ordered a continuance or a suspension of proceedings pending the appeal, since no such application was made, and the question, therefore, is whether a dismissal was proper. Nor need we consider whether a defense either in abatement or bar of the action arising after commencement of the suit and before answer should be per-

mitted to be interposed except on terms as to costs, although it would seem that as a supplemental answer under the code is intended as a medium for alleging facts occurring subsequent to the filing of the former answer (R. S., Sec. 3593), it would be proper to set up in the original answer defensive facts theretofore arising, though after the commencement of suit. (Carpenter v. Bell, 19 Abb. Pr., 258.) But the right to file the plea demurred was not assailed; the issue joined upon it was whether it stated facts sufficient to abate the action; and it would clearly have been the duty of the court to permit the assertion of the defense even though set up by supplemental answer, although in such case terms might have been imposed.

Counsel refer to cases where it has been held in suits brought upon a judgment that, pending an appeal from the judgment, the court has power to continue or suspend until a determination of the appeal, in order that injustice to a defendant may be prevented. In such cases the right of action is held to exist not only at the commencement of the suit, but at the time of the continuance or suspension; and the continuance is merely to protect the defendant from a judgment that might be obtained if the cause should be permitted to proceed.

That is not the situation here. The suit is not brought upon the judgment, but upon an undertaking, according to the terms whereof no liability would occur until a final decision that the injunction ought not to have been granted. Pending the appeal, the judgment of the District Court was not such a final decision, and hence the liability had not been determined.

We do not hold that, in the absence of appellate proceedings from a final judgment in the District Court that an injunction was wrongfully granted, suit may not be instituted upon the injunction undertaking at any time after such judgment; nor do we hold that the injunction defendant must wait until the expiration of the period allowed for commencing appellate proceedings to commence his action

upon the undertaking. We do not doubt that if such suit is brought at any time after final judgment in the cause in the District Court, although within the period allowed for an appeal, it may be maintained, provided no appeal is taken. In such case the judgment in the District Court will amount to a final decision authorizing the recovery of damages on the bond for the wrongful injunction.

But the effect of a pending appeal is to destroy the operation of the judgment appealed from as a final determination that the injunction ought not to have been granted; and its effect is the same whether taken before or after the institution of suit upon the undertaking. Pending the appeal the party seeking to recover upon the undertaking will be unable to establish the necessary averments of his petition constituting his cause of action.

Whether the plaintiff had an existing cause of action when the action was commenced or not, he had none when it appeared by the pleading of the defendants that timely proceedings had been instituted and were pending and undetermined in the appellate court for a review of the judgment dissolving the injunction; although his cause of action might accrue in the future. The effect then was the same as though the action had been prematurely begun. Having no right to then maintain the action, it was clearly a proper procedure to abate it.

We think it immaterial whether the plaintiff had an existing cause of action when the suit was commenced, and the appeal operated merely to prevent the further maintenance of the suit, or whether such appeal is to be regarded as showing that there had been no right of action, and hence a premature commencement of the suit. In either case a dismissal would be proper.

A suit prematurely commenced is subject to dismissal. (16 Ency. Pl. & Pr., 875.) And it is generally held that such objection should be taken by plea or answer in abatement. (16 Ency. Pl. & Pr., 879; 1 Cyc., 745.) At common law a defense arising after plea is required to be set up by

plea *puis darrein continuance,* but where it arises after the commencement of the suit and before plea, it must be pleaded to the further maintenance of the suit. (17 Ency. Pl. & Pr., 265; Chicago v. Babcock, 143 Ill., 358; Canfield v. Sch. Dist., 19 Conn., 528; Kimball v. Wilson, 3 N. H., 96; Carpenter v. Bell, 19 Abb. Pr.; 258.) And such pleas may be interposed whether for matters in bar or abatement of the suit. And where the facts are sufficient to abate the suit a dismissal results.

The supplemental answer of the code takes the place of the plea *puis darrein continuance,* although it is not governed by some of its common law effects. And the answer in the case at bar is in the nature of the common law plea to the further maintenance of the suit, on the theory that there was a right of action at the commencement.

Whether, therefore, the suit is to be regarded as prematurely begun, or as one where further maintenance is prevented by reason of the facts alleged in the answer, such facts being admitted, a dismissal was proper. The judgment will not, of course, operate as a bar against a future action upon the undertaking, should the judgment in the injunction suit be affirmed in the appellate court.

The defendant would be entitled, we think, to recover only such costs as accrued after his plea, but as the effect of the judgment is to give him only such costs, it not appearing that there could have been any costs on his behalf prior to the plea, there is no reason for disturbing the judgment on that ground.

With reference to the main question discussed in the former opinion, another case has come to our attention in line with our views. In Peck v. Hotchkiss, 52 How. Pr., 226, an attachment suit had been dismissed in the court wherein the attachment had issued, but a pending appeal therefrom was set up as a defense in a suit brought for the alleged wrongful attachment. It was held that the plaintiff's cause of action would not become complete until final judgment in his favor in the attachment suit, and that with

an appeal pending the judgment of dismissal cannot be considered final; and judgment was rendered for defendant upon a demurrer to the answer setting up the appellate proceedings.                                *Rehearing denied.*

BEARD, J., concurs.

