No. 9282.

AMERICAN SURETY COMPANY *v.* CRESSON CONSOLIDATED GOLD MINING AND MILLING COMPANY.

1. APPEAL AND ERROR—*Distinguished.* An appeal from a judgment is a continuation of the action in which the judgment was given.

A writ of error is a new and different action.

2. SURETY IN INJUNCTION BOND—*Rights.* Defendant applied for an injunction to restrain the sale of its properties for taxes. Plaintiff became surety in the injunction bond and defendant entered into an agreement to pay $125.00 on a specified day in each year, until it should "serve competent and written evidence of plaintiff's discharge." Plaintiff was entitled to the specified annual premium pending a writ of error.

*Error to El Paso District Court, Hon. John W. Sheafor, Judge.*

Mr. WILLIS L. STRACHAN, Mr. T. C. TURNER and Mr. JOHN A. CARRUTHERS, for plaintiff in error.

Mr. HILDRETH FROST, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS is an agreed case between The American Surety Company of New York, plaintiff, and The Cresson Consolidated Gold Mining & Milling Company, defendant, to determine the liability of the defendant for the payment of

premiums on an injunction bond, during the time proceedings were pending on error.   Judgment was for defendant, and plaintiff brings the case here for review.

From the agreed facts it appears that defendant applied to the District Court of Teller County for a temporary injunction to restrain the County Treasurer from selling certain mining property.   A temporary writ was granted in November, 1911, to issue conditioned on the giving of a bond in the sum of $25,000.00, pending final determination of the suit.   Plaintiff became surety on the bond, and the premium was fixed at $125.00 per annum until the surety company had legal evidence of its final discharge from such suretyship.

In December, 1911, the temporary injunction was made permanent and later the defendant brought the record here on error.   In March, 1914, the judgment of the District Court therein was affirmed.

The plaintiff bases its right of recovery of annual premiums, for the period in which the proceedings on error were pending and undetermined, on the theory that there was a continuing liability under the bond, and that had the judgment on review been reversed it would have been liable as surety.   No cases directly in point have been cited by either party, and we think there are none.   Those from this jurisdiction involve cases wherein appeals were taken to this court, and as an appeal is confessedly a continuation of original suit the rule announced in such cases has no application here, as it is settled that a writ of error is not a continuation of the original cause, but is a new, distinct and separate action.   Nevertheless, it is also true that had the judgment in which injunction issued and bond was given been reversed, the surety would have been liable. Joyce on Injunction, Vol. 1, page 380; *Tutty v. Ryan*, 13 Wyo. 134.   That such liability might exist, and was in contemplation by the parties at the time of entering into the contract of suretyship is plain from the terms of the bond itself, a part of which provides for the contingency of appeal or writ of error in the following terms:   "That the

indemnitor (The Cresson Company), will immediately pay the surety (The American Surety Company), at its office, 100 Broadway, New York City, One Hundred and Twenty-five Dollars ($125.00) on the 28th day of November in each year hereafter and until the indemnitor shall serve upon the surety competent, written, legal evidence of its final discharge from such suretyship, and all liability by reason thereof, and any and all renewals and extensions of the same, and the expiration, without appeal or proceedings to review, of the time to appeal from or review any adjudication or determination directly or indirectly fixing or discharging such liability."

If the above excerpt means anything it means that the Cresson Company agreed to pay the specified premium each year while the cause was in litigation, and that such liability should exist until the time for appeal or writ of error had expired. From the terms of the application it is manifest that the possibility of review on error was in contemplation at the time of making the contract, and the provision thus made was clearly intended to keep the bond good until the termination of review proceedings, however prosecuted. The sole purpose of the writ of error was to have the judgment below reviewed and reversed, if it contained error, and the effect of such judgment would have been if reversed here, to make the bond liable. In any event it is clear that such is the effect and purport of the express terms of the contract.

The judgment of the trial court is manifestly erroneous and the cause is therefore remanded with directions to enter judgment for plaintiff in error for the amount specified in the agreed case, as being due the bonding company should it establish its right of recovery herein.

Judgment reversed and cause remanded, with directions.