## STATE EX REL. MIKE LANG v. ALBERT ANDERSON AND OTHERS.[1]

July 3, 1925.

No. 24,757.

**Duty of board of common school district to carry out instructions of electors as to new schoolhouse.**

1. The electors of a common school district have authority to designate a site, direct the erection of a new schoolhouse, and provide funds therefor. When this is done, it becomes the duty of the school board to carry into effect such instructions.

**When mandamus against board is proper.**

2. Where, in their answer, defendants attack the resolution, adopted by the voters of a common school district, for the building of a new school house, and deny authority of the electors in such matter, and make no effort to carry out the mandate of the voters, mandamus is proper to compel action.

1. See School and School Districts, 35 Cyc. pp. 929, 934, 973 (Anno).
2. See Mandamus, 38 C. J. p. 732, § 333.

Upon the relation of Mike Lang the district court for Brown county granted its alternative writ of mandamus, directed to the trustees of Common School District No. 65 of that county, commanding them to obtain title immediately to the designated schoolhouse site and proceed to erect a schoolhouse thereon. The matter was heard by Olsen, J., who made the writ peremptory. Defendants appealed from an order denying their motion for a new trial. Affirmed.

*Mueller & Erickson*, for appellants.
*Albert Hauser*, for respondent.

QUINN, J.

Mandamus to compel respondents to proceed with the erection of

[1]Reported in 204 N. W. 925.

a schoolhouse in accordance with the direction of the electors of School District No. 65 in Brown county, as expressed by the voters thereof at the regular annual school meeting, held July 21, 1923. The facts are not in dispute, and are as follows:

At the annual school meeting of the district, of which respondents are the trustees, it was duly voted to build a new schoolhouse in and for the district. Bonds therefor, to the amount of $8,000, were duly voted in April, 1924, issued in May, 1924, and $7,975 came into the treasury of the district on May 10, 1924, as the proceeds of the sale of such bonds. At a meeting, duly called and held in July, 1924, it was voted to change the schoolhouse site and a new site was then designated. A contest was initiated as to the validity of the meeting held, and of the vote changing the site. On October 20, 1924, the contest was dismissed for want of prosecution. The present action was commenced on November 3, 1924.

It is now urged, on behalf of the respondents, that this action is premature in that the respondents were not given a reasonable time, after October 20 and before the commencement of this action, to proceed to acquire the new site or commence the erection of the new schoolhouse. It is manifest, from the record, that respondents made no efforts in the direction of carrying out the wishes of the electors of the district, as expressed at such elections. In their answer, respondents deny the validity of the resolution providing for the erection of a new schoolhouse. They also deny that any duty to build rests upon them, either as officials or otherwise, and they indicate no intention, either by word or act, to proceed in such matter unless compelled so to do. This was the view taken by the learned trial judge when directing the issuance of the writ herein. We see no escape from the conclusion that the trial court was clearly right, and that the order denying respondents' motion for a new trial should stand. The mandate from the constituency to the trustees should be followed. Its meaning is unmistakable.

The electors of a common school district have authority to designate a site, direct the erection of a new schoolhouse, and provide funds therefor. When this is done, it becomes the duty of the

school board to carry into effect such instructions, and mandamus will lie to compel such a school board to carry out the mandate of the voters. State v. Giddings, 98 Minn. 102, 107 N. W. 1048. The case of Olson v. Honett, 133 Minn. 160, 157 N. W. 1092, 1103, cited by the defendants, has no application to the facts before us. In their answer, defendants attack the resolution, adopted by the voters, for a new building, and deny the authority of the electors to order a new schoolhouse. At the hearing, neither took the witness stand, nor in any manner attempted any explanation why they had failed to comply with the vote of the electors.

Affirmed.