LESLIE & BACICH COMPANY v. MIDWAY DEVELOPMENT COMPANY.[1]

July 3, 1925.

No. 24,838.

**Denial of temporary injunction to restrain interference of landowner with sale of its lots within discretion of court.**

Application for an injunction, pendente lite, restraining the defendant from interference with the performance of a certain contract which plaintiff claims to have entered into with the defendant; *held* that the court below was within its discretion in denying the application.

See Injunctions, 32 C. J. p. 189, § 285.

Action in the district court for Ramsey county to restrain defendants from interfering with the performance of a certain contract. Application for a temporary injunction was denied by Boerner, J. Plaintiff appealed. Affirmed.

*Kenny, Lohmann & Gardner*, for appellant.
*Cowern & Jesmer*, for respondent.

QUINN, J.

The defendant is a corporation. It has a board of directors, and George Bacich was its president and Freeman C. Leslie its vice president. In the spring of 1923, the company bought 80 acres of land near the Ford plant in Ramsey county which it platted as the

[1]Reported in 204 N. W. 925.

Midway Highland Park Addition. Bacich and Leslie then entered into a partnership, for the purpose of handling real estate, under the firm name of Leslie & Bacich Company. On May 3, the partnership entered into an agency contract with the defendant to sell lots, and some sales were made. The partners formed a corporation under the same name. They contemplated turning the business of the partnership to the corporation.

At a meeting of the board of directors of the defendant company, held on August 23, 1924, the question of canceling the contract of May 3, and making a new contract with plaintiff, was considered, and a resolution was adopted, authorizing the defendant company to enter into an agency contract with plaintiff to sell lots for it in the west half of the 80, plaintiff to furnish a surety bond in the sum of $25,000, providing for the faithful performance of the terms of the contract. Such contract was prepared, dated August 26, signed, but not to be delivered until the bond was furnished.

The resolution and the contract each provided that the plaintiff was to pay two-fifths of the premium for the bonds, and that the defendant was to pay the balance, clearly indicating that it was to be a bond issued by a surety company. On January 20, 1925, plaintiff presented to the defendant company a bond, signed by two individuals, in the sum of $25,000, asserting that it was a sufficient bond to satisfy the provisions of the resolution and terms of the contract. The bond was objected to, and Bacich and Leslie resigned their respective offices of president and vice president of the defendant company. A resolution was then adopted, by the board of directors of the defendant, canceling the contract of May 3 on account of various alleged breaches of the terms thereof, and also withdrawing the contract of August 26 upon the ground that no bond had been furnished as agreed upon. This appeal is from an order of the district court refusing an injunction, restraining the defendant from interfering with plaintiff in selling lots under the contract of August 26, pendente lite.

It seems clear that the furnishing of a surety bond by the appellant was a condition precedent to the taking effect of the contract

in question. No contract existed between the plaintiff and the defendant, except the one of May 3, which is in no way involved in this lawsuit. The insistence that the personal bond offered was a sufficient compliance with the agreement, amounted to a concession that it had not, up to that time, complied with the terms of the resolution. There being no contract, there could be no agency, coupled with an interest, as contended for on behalf of the plaintiff. The trial court was clearly within its discretion in denying the injunction under the showing made.

Affirmed.