STATE ex rel. C. D. TUTHILL and Another v. ARTHUR E. GIDDINGS.[1]

May 11, 1906.

Nos. 14,722—(20).

**Mandamus—Collateral Attack.**

A judgment directing the issuance of a peremptory writ of mandamus commanding the doing of some act, which is within the authority and jurisdiction of the court to command, cannot be collaterally impeached or avoided in proceedings to punish a disobedience of the writ.

**Contempt—Defense.**

If facts arise subsequent to the judgment rendering its modification proper, the exclusive remedy is by motion in the original action. Such new facts cannot be interposed as a defense in the contempt proceedings.

**Error.**

The record examined, and *held* to contain no reversible error.

Writ of certiorari issued from the supreme court upon relation of C. D. Tuthill and L. Frazier to review a judgment of the district court for Anoka county, Giddings, J. Motion to quash writ granted.

*Fred S. Stewart* and *Fred B. Wright,* for relators.

*Wyman & Blanchard,* for respondent.

BROWN, J.

Certiorari to review a judgment of the district court of Anoka county adjudging relators guilty of contempt of court.

The facts are as follows: In 1904 an action was commenced against relators, trustees of school district No. 61 in Anoka county, for a peremptory mandamus requiring them to remove the schoolhouse to a new location, which had been selected by the voters of the district. Such proceedings were thereafter had that a judgment was entered in the action granting the relief prayed for and directing the issuance of a peremptory mandamus accordingly. A peremptory writ was subsequently issued upon this judgment in January, 1906, and the trustees failed and refused to comply with its commands, whereupon

[1]Reported in 107 N. W. 1048.

they were cited before the district court upon an order to show cause why they should not be punished for contempt. After hearing, the court adjudged them guilty and imposed a fine of five dollars each upon Tuthill and Frazier, or, in default of payment, that they be committed to the common jail of the county for the term of twenty days. No service of the order was made upon the other trustee, and no order of contempt was made against him. Thereafter the writ of certiorari was sued out in this court to review this judgment.

Several reasons were given by relators in the contempt proceedings for not complying with the commands of the writ of mandamus, all of which were overruled by the trial court, or held insufficient as a defense. Among other things, it was urged that relators could not remove the schoolhouse to the new site because no money had been appropriated by the district for the purpose of defraying the expense; that, subsequent to the rendition of the judgment awarding the peremptory mandamus, the electors of the district at a special election called for the purpose of voting on the question of the location of the school building, decided, by a vote of twenty to nineteen, to retain the old site; and that, inasmuch as a majority of the people had determined to retain the old site, the judgment of the court should not be enforced. It does appear from the record that subsequent to the entry of the judgment the special election was held with the result as stated; and it does not appear that the district ever appropriated any money to pay the expense of removing the building.

But these matters do not constitute a defense. The action of the electors at the special election, if it be conceded that a majority vote was sufficient to relocate the site, could not have the effect of vacating or rendering null and void the judgment which commanded relators to remove the schoolhouse to the new site. The remedy of the trustees, in view of that election, was in the original action by an application to file a supplemental answer, setting up the new facts, and seeking a modification of the judgment. The judgment cannot be attacked in this collateral way. It appears that such an application was made to the court below and denied, from which no appeal was taken. This left the judgment in full force and effect, and the writ of mandamus was properly issued thereon. The fact that no money had been appropriated to pay the expense incident to the removal of the building,

is no defense. . The court, having by its judgment commanded relators to perform the act and remove the schoolhouse, authorized them, by implication, at least, to incur any indebtedness necessary to effect the result. As they made no effort to comply with the writ, the mere fact that no money had been appropriated for the purpose, is no defense.

It was unnecessary that the peremptory writ be specially allowed or indorsed by the presiding judge. Section 5979, G. S. 1894, referred to by counsel in this connection, has reference only to the alternative writ, and does not apply to the writ absolute. The suggestion that it does not appear that relators are still trustees of the district is disposed of by their answer in this proceeding wherein they allege the fact. The judgment and the writ of mandamus being regular upon their face, and the relief granted thereby within the authority and jurisdiction of the court, relators had no alternative but to comply therewith. Having failed to do so, the court was right in adjudging them guilty of contempt. We have considered all other points made by relators and find nothing on which to base a reversal.

Writ discharged.