No. 9922.

DeLaMater v. Graves, et al.

Decided November 8, 1920.

Proceeding involving contempt of court for violation of an order concerning the custody of minor children. Plaintiff in error found guilty of contempt.

*Affirmed.*

## On Application for Supersedeas.

1. CONTEMPT—*Order of Court—Order of foreign court.* A valid order entered by a Colorado court must be obeyed and a foreign court cannot affect, vacate or annul it.

2.     *Order of court—Relief from.* The remedy of a party desiring to be relieved from obeying a court order, is to take formal steps for its vacation, and not to impeach it in contempt proceedings brought to punish a disobedience thereof.

*Error to the District Court of La Plata County, Hon. W. N. Searcy, Judge.*

Messrs. PERKINS & PERKINS, for plaintiff in error.

Mr. JOHN B. O'ROURKE, Mr. BARRY SULLIVAN, Messrs. RUSSELL & REESE, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THE plaintiff in error, Charles W. DeLaMater, was adjudged guilty of contempt of court. The cause is before us upon his application for a supersedeas.

Prior to April 30, 1920, the plaintiff in error and Bertha L. DeLaMater were husband and wife. Their matrimonial domicile was in the state of New Mexico. They were parents of two minor children.

On the date above mentioned, the plaintiff in error obtained, in the district court of San Juan County, New Mexico, a decree of divorce. The decree provided that the minor children remain, for the time being, at the home of their grandmother in Durango, Colorado, but that their father, the plaintiff in error here, have custody of them for one month, at the end of which time he "shall return the children to their mother." It was further provided in the decree that thereafter the temporary custody of the children should belong to the mother, the father to have the privilege of visiting the children and of having them visit him.

On May 3, 1920, the plaintiff in error instituted proceed-

ings in the District Court of La Plata County, Colorado to obtain the custody of the children. He filed a petition for a writ of habeas corpus, against his wife and her mother, as respondents, alleging that they wrongfully "retain the custody of said minor children," and praying that they be required to show cause why the care and custody of the children should not be awarded to him pursuant to the decree of the New Mexico court. The writ was issued, and respondents each made a return thereto. On May 8, 1920, it was ordered by the court that the petitioner, the plaintiff in error here, be awarded the custody of the children "for the period not exceeding 30 days commencing on May 8, 1920, and that then, within said 30 days, said children shall be by said petitioner Charles W. DeLaMater returned and delivered to the custody and possession of said respondent Bertha L. DeLaMater, at the home of her mother, Elvira J. Graves, at Durango, Colorado."

It is admitted that the order was disobeyed by the plaintiff in error in that he did not return the children to their mother within the thirty days prescribed, or at any other time. Based on this fact, contempt proceedings were instituted against him and he was adjudged guilty.

As showing cause why he should not be adjudged guilty of contempt, the plaintiff in error pleaded, among other things, that on June 1, 1920 the district court of San Juan County, New Mexico, modified the decree it had theretofore entered, and rendered a second decree which awarded the custody of the children "absolutely and unconditionally" to him, and that he has since retained the custody of the children "under the authority" of such decree.

Assuming that the second New Mexico decree was such as thus pleaded, and that it was proven in the contempt proceedings, the question to be determined is whether the plaintiff in error could rely upon such decree of a foreign state as a defense in these contempt proceedings.

The order which the plaintiff in error disobeyed was that he should, within thirty days, return and deliver the minor children to their mother at Durango, Colorado. This order

he was bound to obey unless and until the court making it should vacate it in the meantime. No court in another state could affect that order. A foreign court could not expressly vacate or annul it. 15 C. J. 1184. It follows from this that no court of a sister state could affect an order of a court in this state by making some order in conflict, or rendering some decree inconsistent, therewith. The order in question was valid when made, and valid when disobeyed, and the rendition of the second New Mexico decree affords no defense in this contempt proceeding.

Assuming that the Colorado court was bound to give full force and effect to the New Mexico decree under the general rules of comity, it could not do so by simply regarding its own previous order or judgment as a nullity, since its jurisdiction could not be divested by anything done by a court of another state. The Colorado court might, however, vacate its order, but until it does so, the order must be obeyed. If facts arise which would justify a vacation of the order, that is no excuse for disobeying the order. The remedy of the party desiring to be relieved from the necessity of obeying the order is to take formal and due steps in the proceeding in which the order was made, and not to impeach the order in contempt proceedings brought to punish a disobedience thereof. *State ex rel. Tuthill, v. Giddings,* 98 Minn. 102, 107 N. W. 1048; 13 C. J. 44, sec. 59.

The application for a supersedeas is denied and the judgment is affirmed.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE BAILEY concur.