## MOORE v. MOORE*

(No. 1258; June 25, 1925; 237 Pac. 235)

PLEADING—DIVORCE—MODIFICATION OF DECREE—AWARD OF ALIMONY.

1. Objection that application, under Comp. St. 1920, § 5006,. for modification of decree for alimony was unverified,. should be taken by motion to strike it from files, and,. where no such motion was made, and no exception taken to order allowing verification to be made, objection will. be deemed waived.

2. On application to modify alimony decree, under Comp. St.. 1920, § 5006, testimony as to original circumstances and. evidence introduced on original trial, such as that husband admitted that advances were made to him by wife,. were properly admitted.

3. Husband's application for modification of decree awarding alimony to wife, because of her remarriage, *held* properly denied, where wife had made advances to husband, and. allowance of alimony was in nature of settlement thereof..

*See Headnotes (1) 31 Cyc. pp. 631, 732; (2) 19 C. J. p. 324; (3). 19 C. J. p. 276.

ERROR to District Court, Fremont County; ROBERT R.. ROSE, Judge.

Action by Laura L. Moore against Charles C. Moore for divorce. There was a decree for plaintiff and an award of.

alimony. Thereafter defendant appealed for a modification of decree for alimony and from an order denying application defendant brings error.

*E. H. Fourt* for plaintiff in error.

The award of alimony was not predicated on loans made by plaintiff to defendant and cannot be changed now; 15 R. C. L. 690; 5006 C. S. the findings were that defendant deserted plaintiff, and are now conclusive; 15 R. C. L. 962; a decree for alimony may be revised; 5006 C. S.; alimony is for maintenance; 1 R. C. L. 864-866; changed condition of parties may justify modification; Brandt v. Brandt, 67 Pac. 508; re-marriage justifies modification or discontinuance of alimony; Brandt v. Brandt, supra; Cohen v. Cohen, 88 Pac. 267; Stillman v. Stillman, 99 Ill. 196; Bowman v. Worthington, 24 Ark. 522; Wetmore v. Wetmore, 162 N. Y. 503; a court speaks only through its records; State ex rel Poston v. Dist. Court, 227 Pac. 378.

*G. J. Christie* for defendant in error.

The original application was not verified, but was later verified by leave of court; the application was denied. Modification is permitted by statute; 5006 C. S. upon expiration of the time within which payments required they become a vested right; Delbridge v. Sears, 160 N. W. 218; a petition is not considered filed until verified; 31 Cyc. 537; after its verification, the last payment was past due and not subject to modification. There being no reasonable ground for error proceedings the statutory penalty should be imposed; 6372 C. S.; proceedings to modify decree must be by petition; 5006 C. S.; statutes authorizing revision have no retrospective effect; 19 C. J. 617; Sistarie v. Sistarie, 218 U. S. page 1; the burden is upon the applicant; Brice v. Brice, 147 Pac. 164; there must be a showing of changed circumstances or material facts existing prior to decree of which applicant was excusably ignorant, to justify modification; 19 C. J. 619; re-marriage does not operate as a release of former husband's obligation to pay alimony; 19 C. J. 626.

*E. H. Fourt* in reply.

The pleading may be regarded as a petition irrespective of the name given it by the pleader; Tutty v. Ryan, 13 Wyo. 134; the amendment was properly allowed; 5707 C. S. plaintiff's re-marriage is admitted; plaintiff re-married in violation of the laws of the state within one year from date of decree; her present husband is obligated to support her; she is now estopped from questioning the judgment rendered by the trial court; 15 R. C. L. 436-960.

RINER, District Judge.

On August 30th, 1921, the defendant in error, Laura L. Moore, hereinafter referred to as the plaintiff, instituted an action for divorce against the plaintiff in error, Charles C. Moore, hereinafter mentioned as the defendant. The petition in the cause, among other things, alleged desertion of the plaintiff by the defendant and also that plaintiff at various times had advanced to defendant various sums of money amounting approximately to twelve thousand dollars, which sums defendant had neglected and refused to repay, and that the reasonable cost and expense of maintaining plaintiff and the child, the issue of said marriage, in a proper manner, would be four hundred dollars a month.

Issue was made on these charges, a trial had, and on Sept. 2nd, 1921, the District Court of Fremont county entered a judgment wherein the Court found ''generally for the plaintiff and against the defendant''; an absolute divorce of the parties was decreed, custody of the minor child—a girl—aged fourteen years awarded the plaintiff, and

''that defendant pay to the plaintiff permanent alimony as follows:

Fifteen Hundred Dollars immediately,

Five hundred dollars on or before thirty days from the date hereof;

Four thousand dollars on or before Oct. 1, 1922,

Four thousand dollars on or before Oct. 1, 1923, and that the defendant pay to the plaintiff or her attorney the sum

of two hundred dollars as attorney's fees and the costs of this action."

Review of this decree was never sought by either of the parties and all of the payments ordered were met except the last one due October 1, 1923. On Sept. 3, 1923 defendant filed in the District Court aforesaid a "motion and application to modify decree for alimony", wherein it was set out that the plaintiff had in the State of New York remarried within one year of Sept. 2, 1921; that the alimony provided for in said dceree was "for the support and maintenance of the plaintiff and their daughter", and it was prayed that the decree in the cause be modified in that "defendant may be required and permitted to pay for the support and maintenance of said minor child the sum of one hundred dollars ($100.00) per month for her maintenance and education". This application was unverified when filed, but on Nov. 19, 1923, pursuant to leave asked and order of Court made, that omission was. supplied. On the date last mentioned the plaintiff filed her answer to the application for a modification of the decree and admitted her remarriage in New York, and also affirmatively alleged that "the award of ten thousand dollars permanent alimony was based upon loans made by plaintiff to defendant during their married life".

To this answer the defendant filed a reply wherein, after a general denial of the new matter of said answer, it was prayed that he be relieved of the duty of paying further alimony and that he be required to pay a reasonable sum to the plaintiff for the maintenance of the minor child.

Thereafter trial of the issues thus made up was had and on Nov. 20th, 1923 an order was made by the Court incorporating certain findings, to-wit, that the plaintiff had remarried in the State of New York; that the plaintiff during her marriage with defendant contributed not less than five thousand dollars from her own funds to the support of plaintiff and defendant; that the provisions of the decree as to permanent alimony chargeable to defendant were "in

the nature among other things of a settlement of the claim of plaintiff against defendant, and that therefore the said decree should not at this time be modified'', and it was adjudged, accordingly, that the application of the defendant for a modification of the decree should be denied. Motion for a new trial was made and denied, and the cause is here on error to review the order entered as above recited.

On behalf of the plaintiff it is argued that as defendant's "motion and application to modify decree for alimony" was not verified when it was filed on Sept. 3, 1923, it should not be regarded as made until November 19, 1923, when it was verified pursuant to court order made on that day, and hence the last installment of alimony due Oct. 1, 1923, against which relief is sought, had become, as some decided cases hold, a vested right and so protected. It is true that the statute (Sec. 5006, Wyo. C. S. 1920) indicates that the proceeding to revise or modify a decree for alimony should be by petition, but as the "application" of defendant certainly contains allegations of facts which would invoke the operation of this section, it should not be disregarded because misnamed. Tutty v. Ryan, 13 Wyo. 134, 78 Pac. 657, 79 Pac. 920. The objection that a pleading is unverified should be taken by motion to strike it from the files, and in the absence of such a motion the objection will be deemed waived. Turner v. Hamilton, 13 Wyo. 408, 80 Pac. 664. There was no motion to strike directed against the objectionable pleading and no exception was taken to the order of court allowing verification to be made. An answer was filed the same day that the verification was affixed and issues were made up for the hearing which was had.

Section 5006 Wyo. Comp. Stats. 1920 provides that,

"after a decree for alimony or other allowance for the wife and children or either of them * * * the court may from time to time, on the petition of either of the parties, revise and alter such decree respecting the amount of such alimony or allowance, or the payment thereof * * *

and may make any decree respecting any of said matters which such court might have made in the original action."

Under statutes of this kind the rule seems to be general that,

"unless the circumstances of the parties have changed since the decree was rendered or there are material facts which existed prior to the decree of which the applicant was excusably ignorant when it was rendered, the decree cannot be altered." See 19 C. J. 273-4 and extended list of cases cited.

The contention of the defendant may be summed up briefly in the following language quoted in his brief and taken from the opinion in the case of Cohen v. Cohen, 150 Cal. 99, 88 Pac. 267, 11 Ann. Cas. 520:

"Where a wife has obtained an absolute divorce carrying with it the privilege of remarriage, and permanent alimony is decree to her, it is generally held that the husband, upon her subsequent remarriage, may secure an order vacating the decree as to alimony,"

and it is insisted that this rule should relieve defendant from payment of the final $4000.00 due under the original decree. But the court in the Cohen case, after listing a number of citations as upholding this general proposition, proceeds:

"There is a qualification of this rule, generally adverted to in the cases cited, to the effect that a remarriage does not authorize a vacation of the decree for alimony where it is given as a substitute for, or in lieu of, the wife's rights, at the time of the decree, in the property of the husband, or in the community property, or in property which he acquired from her by the marriage."

And in Kraft v. Kraft, 187 N. W. (Ia.) 449, at 451, it is said:

"We are inclined to the view that where alimony is allowed in a lump sum as permanent alimony, or there is a division of the real property of the parties, as permanent alimony, the statute does not authorize a change therein, except for such reasons which would justify the setting aside or changing a decree in any other case."

The Supreme Court of Minnesota in Hartigan v. Hartigan, 142 Minn. 274, 171 N. W. 925, at 926, declares that there is no discord among the authorities

"that where the permanent alimony installments are in part in lieu of restoration to the wife of property brought to the husband, or in lieu of a division of the property acquired by their joint efforts during their married life, there should be no modification, at least not so as to destroy the restoration or division purpose of the decree."

To the same effect is the case of Kistler v. Kistler, 141 Wis. 491, 124 N. W. 1028.

A state of facts in some respects similar to those now at bar appeared in Narregang v. Narregang, 31 S. D. 459, 139 N. W. 341, where the original decree of divorce granted alimony in a gross sum. On stipulation of the parties thereafter entered into, the Court granted an extension of time for the payment of part of the amount due, and by certain other orders the time of payment of part of the alimony was further extended so that at the time the wife remarried part of it still remained unpaid. The husband petitioned the Court that he be relieved from payment of this balance. The petition was denied and the ruling approved on appeal, where it was held that inasmuch as the decree was in all things fair and just at the time it was made, and the alimony would have been paid long before respondent's remarriage had its payments not been stayed at appellant's

request, conceding that it was within the discretion of the
trial court to modify the allowance which it had made,
though it was in a gross sum, there was no abuse of its dis-
cretion in its refusal to do so. There was a dissent in the
case wherein it was pointed out that the

"divorced wife was without children", and that "it is not
claimed or suggested that at the time of her marriage to
defendant she was the owner of, or brought into the common
fund, a single dollar or any property whatever."

In the case at bar on the hearing of the issues relative to
a revision of the decree as to alimony, the defendant testi-
fied that a part of $5000.00 owned by the plaintiff at their
marriage was used thereafter as a common fund for "house-
hold, current traveling expenses" and also for the expenses
attendant upon the birth of their child; that at that time
the defendant "had nothing"; that plaintiff claimed at the
trial of the divorce action defendant had borrowed ten thou-
sand dollars from her. Plaintiff's counsel, who was present
also at the trial just referred to, testified that on that occa-
sion the plaintiff herself testified that she had advanced
money to defendant "in the neighborhood of from twelve to
fifteen thousand dollars. The defendant denied the amount
of said advances, but admitted that advances were made in
the neighborhood of $10,000.00".

It is insisted by defendant that this testimony was im-
material and should not have been heard or considered by
the Court below in reaching the conclusions embodied in
the order now under review, and that such testimony was
foreclosed by the terms of the decree of divorce as to ali-
mony. Cases announcing the general principle of res adju-
dicata are cited. But we think the language employed by
the Supreme Court of New Hampshire in the case of Ela
v. Ela, 63 N. H. 115, which directly involved the revision
of a decree for alimony under statutory provisions therefor
announces the rule which should govern here. In that case
the Court said in the course of the opinion:

"The petition for a modification of the decree as to alimony is of a different character. It is not a petition for a new trial, but an application under S. 15, c. 182 Gen. Laws, which authorizes the Court, upon proper application and notice to the adverse party, to revise and modify any order made respecting alimony, and to make such new orders as may be necessary, and award costs as justice may require. Applications under this statute are not subject to the limitations governing petitions for new trials in common-law actions. They may be made at any time, and when such application is properly made, it is the duty of the court to hear and consider it. Folsom v. Folsom, 55 N. H. 78, 81; Sheafe v. Sheafe, 36 N. H. 155; Sheafe v. Laighton, 36 N. H. 240, 243; Sheafe v. Sheafe, 29 N. H. 269. And upon such hearing the evidence used upon the question of the divorce may be reexamined and considered. Sheafe v. Sheafe, 24 N. H. 564."

And also:

"On an application for a revision of a decree for alimony, the right to a hearing is expressly granted by the statute, and the question is, not whether the petitioner shall be allowed a hearing, but whether being heard, a case is made for relief:—not whether the evidence shall be received, but whether, being received and considered, it calls for a modification of the decree. A revision of the decree involves a reexamination of the evidence upon which it was made, and evidence used on the original trial, or which might have been presented by the exercise of due diligence, is not for that cause to be rejected. Whether justice requires a modification of the decree must be determined from all the facts in the case."

It is manifest that the purpose of the statute, Section 5006, supra, is to enable the Court to reach a just result when a decree for alimony is up for revision.

Under the rule already adverted to that there must be a change of circumstances to warrant a revision it is difficult to see how that matter could be determined by the court without receiving in evidence the original circumstances on the point so as to compare with the situation subsequently existing and asserted as entitling the party to invoke the court's action under the statute. Certainly the facts testified to as hereinabove recited were circumstances bearing directly on the problem before the court, and were properly received and considered by it. Taking this view of the record in the case now before us, in conjunction with the principle that decrees incorporating the settlement of property rights of the parties should not generally be disturbed, we think that the court below was within its rights in making the order now complained of as erroneous. It has substantial evidence in the record for its support.

We are the more ready to reach this conclusion for another reason: The original decree of divorce gave the custody of the child of the patries to the plaintiff and charged the defendant with certain alimony payments. Apparently the wife was therefrom to support the child. At least, defendant so asserts in his application for revision of the decree. In that application he prays the court to charge him $100.00 per month for the support of the child. The child was at the time this application was filed sixteen years of age. Had the court acceded to defendant's request by the time the child reached her majority defendant would have been obligated to pay approximately $2000.00 more than he is required to pay under the order appealed from.

The order of the District Court of Fremont county is affirmed.

*Affirmed.*

POTTER, C. J., and BLUME, J., concur.
KIMBALL, J., did not sit.