ALBERT WEPPNER, *Plaintiff and Appellant*

vs.

HAZEL WEPPNER, *Defendant and Respondent.*

(No. 2802; December 17th, 1957; 319 Pac. (2d) 127.)

For the plaintiff and appellant, the cause was submitted upon the brief and also oral argument of Philip White of Cheyenne, Wyoming.

For the defendant and respondent, the cause was submitted upon the brief of Greenwood, Ferrall and Bloomfield of Cheyenne, Wyoming, and oral argument of C. N. Bloomfield, Jr.

Heard before Blume, C. J., and Harnsberger and Parker, J. J.

## OPINION

PER CURIAM.

Appellant was found guilty of contempt for failure to meet support payments for a minor child as provided in a divorce decree and amendments issued under authority of §§ 3-5914, 3-5915, and 3-5922, W.C.S. 1945.

The record discloses that $1,670 of the decreed support payments remained unpaid and that the child, a son, had reached the age of twenty-one years in Feb-

ruary or March of this year, had graduated from high school in 1954, and had been attending a university since. An offer of proof that the son had earned some three hundred dollars per month during summer vacations since 1953 was rejected.

Appellant admits that the decree was "in full force and effect" at the time of the filing of the petition requesting citation for contempt; and he was apparently fully aware of the provisions of § 3-5922 allowing revision and alteration of the allowance for a minor child—because he had previously requested and secured reductions in the support payments.

Appellant urges, first, that he has no duty to support because the son has been emancipated (apparently because of ability to earn), and, second, that if there has been no emancipation then appellant is entitled to an accounting of the son's earnings and credit therefor. Neither of these claims may be interposed as a defense. It is stated in 27 C.J.S., Divorce § 321, p. 1231, that:

"* * * The earnings of the minor child during the time the order was in effect have no bearing on the father's guilt or innocence of contempt, but are relevant only for the guidance of the court in making or modifying orders for support. * * *"

Facts arising subsequent to the issuance of a decree which might render its modification proper cannot be interposed as a defense in contempt proceedings. See 17 C.J.S., Contempt § 40; and State ex rel. Tuthill v. Giddings, 98 Minn. 102, 107 N.W. 1048. See also De La Mater v. Graves, 69 Colo. 255, 193 P. 552; and Boyer v. Bowles, 316 Mass. 90, 54 N.E.2d 925.

Affirmed.