Larence George **BOOKER**, Appellant (Plaintiff),

v.

Grace Ann **BOOKER**, Appellee (Defendant).

No. 5446.

Supreme Court of Wyoming.

April 9, 1981.

---

Georg Jensen, Cheyenne, for appellant.

John C. Patton, of Carmichael, McNiff & Patton, Cheyenne, for appellee.

Before ROSE, C. J., RAPER, THOMAS and ROONEY, JJ., and BROWN *, District Judge.

* District Judge at time of oral argument when assigned upon recusal of McCLINTOCK, J.,

ROONEY, Justice.

The parties were divorced July 6, 1979. They had entered into a property settlement agreement which provided, among other things, that appellant would pay $150 per month for the support and maintenance of each of his two minor children (a total of $300 per month). This requirement was included in the divorce decree. When appellant failed to pay such amount, appellee filed a motion to show cause and contempt citation. Appellant responded with a motion for modification of the decree so as to reduce the amount of such payments because there had been a change in circumstances. Appellant appeals from the order denying his motion.

We affirm.

Appellant argues that the requirement for child support in the amount of $300 should be modified because his take-home income had decreased from approximately $1,700 per month to less than $900 per month, because he had remarried and adopted two children of his present wife, because he had begun to purchase a home, and because he was an ordained minister and desired to contribute $100 per month to his church.

The propriety of child support and maintenance and the determination relative to the amount thereof is within the discretion of the trial court. Such may be modified by the court as the circumstances require.

Section 20-2-113(a), W.S.1977, provides:

"(a) In granting a divorce or annulment of a marriage, the court may make such disposition of the children as appears most expedient and beneficial for the well-being of the children. The court shall consider the relative competency of both parents and no award of custody shall be made solely on the basis of gender of the parent. *On the petition of either of the parents, the court may re-*

now retired. Justice of this court effective March 26, 1981.

*vise the decree concerning the care, custody and maintenance of the children as the circumstances of the parents and the benefit of the children requires.*" (Emphasis supplied.)

Section 20–2–116, W.S.1977, provides:

"After a decree for alimony or other allowance for a party or children and after a decree for the appointment of trustees to receive and hold any property for the use of a party or children, the court may from time to time, on the petition of either of the parties, revise and alter the decree respecting the amount of the alimony or allowance or the payment thereof and respecting the appropriation and payment of the principal and income of the property so held in trust *and may make any decree respecting any of the matters which the court might have made in the original action.*" (Emphasis supplied.)

"It has long been the rule here that determination of the matter of custody and support of minor children involved in a divorce proceeding between the parents rests largely in the discretion of the trial court and its decision in this regard will not be disturbed except for grave abuse or the violation of some legal principle. *Gill v. Gill,* Wyo., 363 P.2d 86, 89; *Baus v. Baus,* 60 Wyo. 44, 145 P.2d 241, 242; and *Stirrett v. Stirrett,* 35 Wyo. 206, 248 P. 1, 4. * * *" *Chorney v. Chorney,* Wyo., 383 P.2d 859, 860 (1963).

We examine the exercise of discretion by the trial court in this instance in accordance with the following standard:

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * * *" *Martinez v. State,* Wyo., 611 P.2d 831, 838 (1980).

Appellant's total monthly expense figures without allowance for any child support and without the anticipated $100 payment to his church was $300 less than his total monthly take-home income. The trial court could reasonably conclude that the $300 was available for child support. It could reasonably conclude that appellant's obligation to provide his share of food, shelter and necessities for his children had a higher priority than his desire to contribute $100 to the church. Such determination was within the bounds of reason under the circumstances and was not an abuse of discretion.

Appellant could thus meet his child support obligation without concern for the monthly cost of a new home and family. But if he could not, the voluntary assumption of such cost after the divorce decree and property settlement agreement[1] are not the changes in circumstances which normally require a modification of the decree. *Marriage of Dooley,* 30 Or.App. 989, 569 P.2d 627 (1977). See *Christensen v. Christensen,* 295 Mich. 203, 294 N.W. 154 (1940); *Altenbach v. Altenbach,* Mo.App., 162 S.W.2d 361 (1942); *Anderson v. Anderson,* Mo.App., 142 S.W.2d 1082 (1940).

Affirmed.

---

1. An agreement between the parties presents an additional factor to be considered upon request for modification of a divorce decree.

  "Property settlement agreements entered into by the parties prior to a divorce action are generally recognized and given force and effect in the decree. It has been held, however, that such an agreement is an independent contract even though recognized in the decree. *Ulrich v. Ulrich,* 366 P.2d 999, 1002 (Wyo.1961)." *Prentice v. Prentice,* Wyo., 568 P.2d 883, 886 (1977).