**Frederick W. CUBIN, Appellant (Defendant),**

v.

**R. Rochelle CUBIN, Appellee (Plaintiff).**

**No. 83–209.**

Supreme Court of Wyoming.

Aug. 14, 1984.

Ronald A. Kastanek, Casper, for appellant.

No appearance for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

THOMAS, Justice.

The issue which the court is called to resolve in this case is whether a divorced father who is seeking modification of child support should be permitted to make discovery according to the Wyoming Rules of Civil Procedure of his former wife's income and financial circumstances. The district court, by order, effectively insulated the former wife from discovery either by means of written interrogatories or by the taking of her deposition. We conclude that the effect of the order by the district court was to foreclose the father from an opportunity to make meaningful pretrial discovery of relevant evidence. We reverse the order of the district court and remand for further proceedings in accordance with this opinion.

The parties were divorced on March 26, 1975. Custody of their two children was awarded to the mother subject to reasonable rights of visitation by the father. The father was required to pay child support in the amount of $300 per month for each child for a period of five years, and after that he was to pay $400 per month for each child until that child reached the age of 21 or was married. This obligation was imposed pursuant to a stipulation of the parties.

On September 23, 1982, the father filed a Petition for Modification, pursuant to which he sought to modify the child support provisions contained in the original Judgment and Decree. The father alleged that his financial circumstances and ability to earn had substantially and materially changed subsequent to the date of the divorce. In particular he averred that he had remarried and had become responsible for the support of his wife and two minor children; that the increase in cost of living

had outstripped his earning capacity, and this coupled with the additional expense engendered by his remarriage and the failure of his financial condition to improve as anticipated, had placed a heavy financial burden on him; and that he had sustained a material and significant downward change in financial condition, warranting a reduction in the amount of child support he should be required to pay. The father requested that the court:

"1. Revise and alter the previous award of child support to a reduced figure that is appropriate given Plaintiff's and Defendant's financial circumstances."

On October 20, 1982, the father's First Combined Interrogatories and Request for Production of Documents by Defendant Frederick W. Cubin was served by mail upon the wife's attorney. From our examination of these interrogatories we conclude that the primary purpose was to discover evidence regarding changes in the financial circumstances of the wife and the needs of the children subsequent to the date of the divorce. However, on November 10, 1982, the wife filed her Objection of Plaintiff to First Combined Interrogatories and Request for Production of Documents by Defendant Frederick W. Cubin, in which she asserted that the information requested would not lead to any meaningful discovery in connection with the litigation between the parties, and that requiring her to furnish the documents requested would be unduly burdensome and oppressive.[1]

In the meantime the father served a Notice to Take Deposition upon the wife, noticing the taking of her deposition for December 3, 1982, in Denver, Colorado, where she resided. The wife responded with a Motion for Protective Order pursuant to Rule 26(c), W.R.C.P.,[2] which was filed in

---

1. We note that these interrogatories did not comply with the provisions of Rule 18, Uniform Rules of the District Courts of the State of Wyoming, because their number exceeded thirty.

2. Rule 26(c), W.R.C.P., provides in part:
 "(c) *Protective orders.* —Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the

court in which the action is pending or alternatively, on matters relating to a deposition to be taken within the state, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one (1) or more of the following: (1) that the discovery not be had;

the district court on November 23, 1982. The wife asserted in her motion that the scheduling of the deposition subjected her to an undue burden and expense and was oppressive, and that the taking of her deposition and production of documents requested in the notice would not lead to any meaningful discovery in the litigation between the parties. The hearing on this motion also was set for November 30, 1982, at which time it was combined with the hearing on her objection to the interrogatories. The hearing was held, but it was not recorded, and the record discloses nothing with respect to what occurred.

On December 23, 1982, the court entered its Order which provided that the wife was not required to respond to the interrogatories and request for production of documents filed by the father, and that she was not required to respond to the notice for the taking of her deposition. The order is silent with regard to the district court's rationale in its issuance. Under the circumstances, however, it is a fair inference that the ground for denying discovery was based upon the contentions of the wife in her objections and motion for a protective order.

Although the father sought to prosecute an immediate appeal from this order, his appeal was dismissed because interlocutory orders denying discovery are not final orders appealable under Rule 1.05, W.R.A.P. After remand of the case to the district court the hearing on the father's petition for modification was held on August 1, 1983. A Judgment and Decree denying the father's petition for modification for the reason that "the defendant has failed to prove a substantial change in circumstances from the date of the Decree to the present time" was entered on September 1,

1983. This appeal has been perfected from that Judgment and Decree.

The statement of the issues found in the father's brief on appeal is as follows:

"A.

"DID THE TRIAL COURT ERR IN ORDERING THAT PLAINTIFF WAS NOT REQUIRED TO RESPOND TO THE INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS BY THE DEFENDANT?

"B.

"DID THE TRIAL COURT ERR IN ORDERING THAT PLAINTIFF WAS NOT REQUIRED TO RESPOND TO THE NOTICE FOR THE TAKING OF HER DEPOSITION?

"C.

"DID THE TRIAL COURT ERR IN ORDERING THAT DEFENDANT DID NOT PRESENT EVIDENCE TO THE COURT WITH RESPECT TO A CHANGE IN HIS FINANCIAL AND MEDICAL CIRCUMSTANCES SUFFICIENT TO WARRANT A MODIFICATION OF THE DECREE OF DIVORCE BETWEEN THE PARTIES BY REDUCING THE AMOUNT OF CHILD SUPPORT WHICH DEFENDANT IS CURRENTLY REQUIRED TO PAY?"

■ The father did not present any cogent argument or authority with respect to the third issue in his brief or at oral argument. In accordance with our usual rule we will not discuss the issue of the sufficiency of the evidence to justify a modification, instead treating that issue as waived.

(2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the

court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court."

We have no brief or argument from the mother, who did not appear in this appeal.

■■■ In a proceeding instituted for modification of child support provisions encompassed in a divorce decree the burden is upon the moving party to establish a substantial change in circumstances occurring subsequent to the entry of the original decree. *Harrington v. Harrington,* Wyo., 660 P.2d 356 (1983); *Mentock v. Mentock,* Wyo., 638 P.2d 156 (1981); *Booker v. Booker,* Wyo., 626 P.2d 561 (1981); and *Rubeling v. Rubeling,* Wyo., 406 P.2d 283 (1965). Divorce decrees, like other judgments, are res judicata with respect to issues which were decided upon the evidence presented by the parties at the time of the original proceedings. *Ayling v. Ayling,* Wyo., 661 P.2d 1054 (1983); *Salmeri v. Salmeri,* Wyo., 554 P.2d 1244 (1976); and *Heyl v. Heyl,* Wyo., 518 P.2d 28 (1974). If the moving party is to prevail upon a petition for modification it is necessary that an opportunity be afforded to demonstrate how the circumstances of the parties have changed subsequent to the entry of the original decree.

■■■ The courts in other jurisdictions have held that evidence of the financial circumstances of the parents is subject to discovery upon a petition to modify the support provisions established by a decree of divorce. *State ex rel. Hoffman v. Campbell,* Mo.App., 428 S.W.2d 904 (1968); *Hughes v. Hughes,* Mont., 666 P.2d 739 (1983); and *Lepis v. Lepis,* 83 N.J. 139, 416 A.2d 45 (1980). The cases which are collected in Annotation 89 A.L.R.2d 7 (1963) lead to a conclusion that a substantial change in the financial condition and needs of either parent or the children may be sufficient grounds for modification of the provisions of a decree for child support payments. It is by virtue of evidence of such changes in financial condition or needs that the moving party meets the burden of proof which must be assumed. In this case the father was prevented from bringing evidence of a substantial change in conditions with regard to his ex-wife's financial status despite the rule that such a change could justify a modification in the provisions for child support. The ruling of the district court with respect to the discovery efforts inhibited the father from developing any evidence regarding the financial circumstances of the ex-wife.

In Wyoming the pertinent statutory provisions provide as follows:

Section 20–2–113(a), W.S.1977:

"In granting a divorce or annulment of a marriage, the court may make such disposition of the children as appears most expedient and beneficial for the well-being of the children. The court shall consider the relative competency of both parents and no award of custody shall be made solely on the basis of gender of the parent. *On the petition of either of the parents, the court may revise the decree concerning the care, custody and maintenance of the children as the circumstances of the parents and the benefit of the children requires.*" (Emphasis added.)

Section 20–2–116, W.S.1977:

"After a decree for alimony or other allowance for a party or children and after a decree for the appointment of trustees to receive and hold any property for the use of a party or children, the court may from time to time, on the petition of either of the parties, revise and alter the decree respecting the amount of the alimony or allowance or the payment thereof and respecting the appropriation and payment of the principal and income of the property so held in trust and may make any decree respecting any of the matters which the court might have made in the original action."

■■■ In accordance with the provisions of § 20–2–113(a), W.S.1977, the district court is vested with continuing jurisdiction with respect to the provisions of a prior divorce decree "concerning the care, custody and maintenance of the children as the circumstances of the parents and the benefit of the children requires." One of the relevant subjects with respect to the exercise of that jurisdiction is the change in financial cir-

cumstances of both parents as compared to those in existence at the time of the original decree:

"When the modification sought involves the question of custody of the child, that child's welfare must be given paramount consideration. *Laughton v. Laughton,* supra [71 Wyo. 506, 259 P.2d 1093, 43 A.L.R.2d 351 (1953)]. However, it is imprudent to contend that, when the question involves support payments, the matter should be decided without consideration of the paying parent's ability to pay, the recipient's spending habits, and all other surrounding circumstances. *Redman v. Redman,* Wyo., 521 P.2d 584, 587 (1974). See also, § 20–2–113(a), W.S. 1977. This court in *Redman* agreed with the proposition that a child support order may not accurately reflect what children actually require but, rather, what the parent can reasonably be expected to pay. The circumstances of the parents are recognized by our controlling statute as well. Even in unbroken homes a child's monetary needs must be limited by the parents' income. Child support cannot be determined in a vacuum. If a child's wants and needs were to be the sole criterion, then child support may have to fall upon the state since few parents are able to raise their children without having to make do with what they have.

"Appellant tries to point to *Rubeling v. Rubeling,* supra [Wyo, 406 P.2d 283 (1965)], for the proposition that appellee's ability to pay should have been ruled irrelevant to the trial on whether to grant the modification in support payments. However, her reliance on *Rubeling v. Rubeling,* supra, is misplaced. That case involved a petition by the husband which sought to reduce the support payments. There the court, while considering whether a change in circumstances occurred, observed:

" 'Unfortunately, we have no record of proceedings in connection with the court's first modification. Although counsel for the husband suggests that the divorced wife has an improved in-

come situation, he admits the record fails to support his contention in that regard, because it does not reflect what her income situation was at the time of the last previous modification.

" 'Likewise, it is not shown that the husband has less income. In fact, appellee suggests his income was nominally increased.' 406 P.2d at 284–285.

"It is clear that the income of the parents can and should be taken into consideration in determining whether there has been a change in circumstances which warrants a modification of the divorce decree." *Mentock v. Mentock,* supra, 638 P.2d at 158–159.

See also *Harrington v. Harrington,* supra; *Kamp v. Kamp,* Wyo., 640 P.2d 48 (1982); *Salmeri v. Salmeri,* supra; *Weppner v. Weppner,* 78 Wyo. 106, 319 P.2d 127 (1957); and *Moore v. Moore,* 33 Wyo. 230, 237 P. 235 (1925).

Rule 26(b)(1), W.R.C.P., governing discovery in civil cases, provides that:

"(1) In General.—Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

When this court is required to review the propriety of orders denying discovery in civil cases, the standard that is invoked is abuse of discretion. *Mauch v. Stanley Structures, Inc.,* Wyo., 641 P.2d 1247 (1982). See also *Ulrich v. Ulrich,* Wyo., 366 P.2d 999 (1961). In *Martinez v. State,* Wyo., 611 P.2d 831, 838 (1980), we

said that one definition of an abuse of discretion is that it is "an error of law committed by the court under the circumstances."

 Section 20–2–113(a), W.S.1977, provides that the "circumstances of the parents" is to be considered in connection with a petition for modification of child support. In refusing to allow the father to discover relevant evidence according to the statute relating to any changes in the financial circumstances of his ex-wife since the entry of the divorce decree, the district court abused its discretion. At the same time the district court permitted the ex-wife to make discovery with respect to the financial affairs of the father, even though the father objected. The interests of justice require that both parties be afforded a similar opportunity to discover relevant evidence, and the discretion of the trial court should be exercised in a balanced manner.

We have no way of knowing whether the discovery efforts of the father will or will not produce evidence which is helpful to him in support of his petition to modify child support. We are satisfied, however, that because such evidence is relevant to the issues before the court the father must be given the opportunity to obtain discovery of the financial circumstances of his ex-wife.

The Judgment and Decree entered by the district court on September 1, 1983, is reversed; the Order that the ex-wife is not required to respond to interrogatories in the request for production of documents and relieving her from responding to the notice for the taking of her deposition is reversed; and the case is remanded to the district court for further proceedings consistent with this opinion.

ROONEY, Chief Justice, concurring.

I agree with that said in the majority opinion but want to note that I do not consider additional financial requirements of a remarriage, in itself, sufficient to modify the divorce decree.