2005 WY 18

**Gerri E. McCULLOH, Appellant (Petitioner),**

v.

**John W. DRAKE, Appellee (Respondent).**

No. 04–25.

Supreme Court of Wyoming.

Feb. 11, 2005.

fy child support to increase John W. Drake's (Father) child support payments. The district court denied the petition and Mother contends it abused its discretion by refusing her full discovery of Father's financial assets, precluding increased child support because she did not raise that issue during a prior custody modification proceeding, and generally refusing to modify child support for other reasons. We reverse the district court's order in part, affirm in part, and remand for entry of a revised order consistent with this opinion.

## ISSUES

[¶ 2] Mother states three issues for review:

1. Whether the district court erred in refusing to allow [Mother] full discovery of [Father's] financial status.

2. Whether the district court erred in concluding that [Mother] was precluded from raising the issue of a modification of child support based upon a modification of child custody because she failed to raise it at the time child custody was modified.

3. Whether the district court otherwise erred in its refusal to modify child support.

Father presents only two issues:

1. Whether it is an abuse of discretion for the trial court to deny modification of child support where there has been no substantial change in the income of the non-custodial parent.

2. Whether it is an abuse of discretion for the trial court to deny modification of child support when the custodial parent seeks deviation from presumptive child support based only on the amount of property owned by the non-custodial parent, rather than his income.

Representing Appellant: William L. Hiser of Brown & Hiser, LLC, Laramie, Wyoming.

Representing Appellee: C.M. Aron of Aron & Hennig, Laramie, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and GUTHRIE, D.J.

KITE, Justice.

[¶ 1] Gerri E. McCulloh (Mother) filed a petition in the district court seeking to modi-

## FACTS

[¶ 3] We have twice addressed other issues arising from the parties' divorce decree in *McCulloh v. Drake*, 2001 WY 56, 24 P.3d 1162 (Wyo.2001), and *Drake v. McCulloh*,

2002 WY 50, 43 P.3d 578 (Wyo.2002). As we stated in those decisions, the district court granted the parties' divorce on October 8, 1999, awarding them shared physical custody of their minor son. The original divorce decree imputed income of $1,800.00 per month to Mother and $12,000.00 per month to Father. On the basis of those amounts, the court ordered Father to pay $1,200.00 per month in child support. That amount constituted an upward deviation from the required statutory amount.

[¶ 4] In 2000, the district court granted Mother's petition to modify custody and awarded her primary custody. Neither party raised child support as an issue in the custody modification proceedings. Thus, it remained $1,200.00 per month.

[¶ 5] The present case began in December of 2002, when Mother filed a petition to modify child support.[1] In the petition, Mother alleged there was a sufficient change in circumstances to modify child support by 20 percent or more because of: (1) the increase in Father's net income and decrease in Mother's net income; (2) the change in physical custody of the minor child; (3) the financial conditions of the parties; (4) inflation; (5) the current Wyoming child support guidelines; and/or (6) the needs of the minor child. Father denied Mother's claims.

[¶ 6] On January 10, 2003, Mother served Father with her first set of interrogatories and requests for production of documents requesting information regarding gross income, sources of income, accounts, investments, monthly expenses, outstanding obligations, any debtors, tax returns from 1999–2002, pay stubs, assets, property interests, income from rental/lease property, development plans, earnings from oil well(s), and earnings from partnerships, trusts, and real estate. Father provided income tax returns for 2000 and 2001, but otherwise stated that he had previously produced "voluminous" discovery on past income and objected to Mother's requests on the basis that they were "irrelevant, outside the scope of WRCP 26 and not likely to lead to the discovery of admissible evidence with regard to child support, overly burdensome, and intended for improper purposes."

[¶ 7] Mother filed a motion to compel discovery. The district court held a hearing on the motion on March 17, 2003, and ordered Father to provide his 2002 tax returns and schedules as they became available. The court also ordered Father to provide copies of trust agreements, and trust income information for the years 2000–2002 from any trusts of which Father was a beneficiary and/or trustee, information regarding sales of properties in Virginia, any debtors, interests in real property since 1999, income receivable from rental/lease property, earnings from the Texarkana oil well(s), earnings from partnerships, and price and terms related to the sale of Florida real estate.

[¶ 8] On May 12, 2003, Mother filed a renewed motion to compel discovery. The court set a hearing on the motion as well as ordering Father to appear and show cause why he should not be held in contempt of court for failing to abide by the court's order compelling discovery. The hearing was held on June 5, 2003, and the court again ruled generally in favor of Mother and additionally required Father to provide information regarding specific trusts and his 1998 and 1999 tax returns.

[¶ 9] On June 11, 2003, Mother served Father with her third set of requests for production of documents, requesting more financial information. Father filed a motion for protective order, to which Mother objected. At Mother's request, the district court held yet another hearing on August 7, 2003, after which the court held Mother's third set of requests for production of documents was "unduly burdensome" and that "such discovery is not likely to lead to the discovery of admissible evidence" and granted Father's motion for protective order.

[¶ 10] The district court held a hearing on the merits of the petition for modification of child support on September 19, 2003. In its decision letter and order, the court denied Mother's petition on the grounds that: 1) Father's *net* monthly income was essentially

1. The petition was titled "Petition for Modification of Child Support and Judgment on Medical Arrearages." The judgment on medical arrearages is not pertinent to this appeal.

unchanged since the entry of the divorce decree; 2) Mother chose not to address child support at the 2000 custody modification proceeding and "no significant changes" had occurred in custody or income since then; and 3) the child support payments were adequate. Mother timely appealed.

## STANDARD OF REVIEW

 [¶ 11] As we described in *Pace v. Pace*, 2001 WY 43, ¶ 9, 22 P.3d 861, ¶ 9 (Wyo.2001):

Custody, visitation, child support, and alimony are all committed to the sound discretion of the district court. It has been our consistent principle that in custody matters, the welfare and needs of the children are to be given paramount consideration. The determination of the best interests of the child is a question for the trier of fact. "We do not overturn the decision of the trial court unless we are persuaded of an abuse of discretion or the presence of a violation of some legal principle." *Fink [v. Fink]*, 685 P.2d [34,] 36 [ (Wyo.1984) ].

Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; "it means [exercising] sound judgment . . . with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Id.*, ¶ 9. We cannot sustain findings of fact not supported by the evidence, contrary to the evidence, or against the great weight of the evidence. *Id.*, ¶ 10. Similarly, an abuse of discretion is present when a material factor deserving significant weight is ignored. *Id.* The party seeking modification must establish there has been a material and substantial change in circumstances, which outweighs the interest of society in applying the doctrine of *res judicata*. *Ready v. Ready*, 2003 WY 121, ¶ 11, 76 P.3d 836, ¶ 11 (Wyo.2003). The trial court is vested with discretion to modify the provisions of the divorce decree and, absent a grave abuse of that discretion, we will not disturb its decision. *Id.*

## DISCUSSION

[¶ 12] Mother argues the district court abused its discretion when it denied her full discovery of Father's financial status; when

it concluded she was precluded from raising the issue of modification of child support because she failed to raise it at the time child custody was modified; and when it refused to modify child support for other reasons.

### 1. Full Discovery of Father's Financial Assets

 [¶ 13] While Mother argues the district court abused its discretion in refusing to allow her full discovery of Father's financial assets, Father responds that she was granted "enormous leeway" in discovery and all relevant income and property information. On June 11, 2003, Mother filed her third set of requests for production of documents. Those requests included:

*REQUEST NO. 1:* Please produce a current net worth of your estate including current values of all assets. In your net worth statement, please list and describe your current assets in the following categories and include the information requested in parenthesis:

a. Cash (current amount, locations, interest rate);

b. Certificates of Deposit (current amount, dates of maturity, interest rate)[;]

c. Stocks and bonds (issuer, number of shares, types, current values, and locations);

d. Tax refunds due to you, if any (amounts);

e. Insurance policies (face amount, cash value, and name of company);

f. Accounts and notes receivable (current amount, owner, obligor)[;]

g. Real Estate (location/description, estimated current value and income if any);

h. Mutual funds (current values, companies, types, and locations);

i. Equipment (types and estimated current values);

j. Motor vehicles, boats, and airplanes (description and estimated current value);

k. Antiques (description and estimated current value);

l. Livestock (description and estimated current value); and

m. Other assets and personal property (description and current value).

RESPONSE:

REQUEST NO. 2: Please produce a statement, complete with current values, of all inheritances and expected inheritances.

RESPONSE:

[¶ 14] Mother contends Father's asset allocation and net worth were relevant in determining child support and should have been accessible to Mother through discovery and considered by the district court. In support, Mother primarily relies on *Cubin v. Cubin*, 685 P.2d 680 (Wyo.1984) and *Bereman v. Bereman*, 645 P.2d 1155, 1160 (Wyo.1982).

■ [¶ 15] We agree with Mother that, when a party petitions for modification of child support, discovery should be allowed with respect to the other party's assets as well as the needs of the children. We have held failure to permit such discovery is reversible error. *Hinckley v. Hinckley*, 812 P.2d 907, 913 (Wyo.1991); *Cubin*, 685 P.2d at 686. However, in *Cubin*, virtually no relevant discovery was obtained by the father. Here, Father answered Mother's first two initial discovery requests with his income tax returns for 1994–2002. The court ordered him to provide more information on the trusts, and he complied. All in all, the record shows that Father provided Mother with 25 exhibits showing relevant income and asset information.

■ [¶ 16] District courts are vested with wide discretion on discovery matters and may deny the same if the information was available from other sources. *Kidd v. Kidd*, 832 P.2d 566 (Wyo.1992); *Inskeep v. Inskeep*, 752 P.2d 434 (Wyo.1988); *Mauch v. Stanley Structures, Inc.*, 641 P.2d 1247 (Wyo.1982). Nonetheless, the court's discretion is not unlimited—reversal may be in order when the court's ruling rests on clearly untenable or unreasonable grounds. W.R.C.P. 26.

[¶ 17] The record does not indicate an abuse of discretion with regard to the denial of further discovery. Father provided ample evidence of his finances to Mother. Father testified at length about his financial inter-

ests and explained the trusts so as to satisfy the trial court that further documentation or certification regarding the "KFB" trusts or a non-existent "Triple–D" trust was not required. He also testified that distributions from trusts and rental income were shown on his income tax returns.

[¶ 18] In this instance, the trial court reasonably could have determined additional discovery was not necessary to determine child support. Accordingly, we hold the district court did not abuse its discretion in granting Father's protective order.

**2. Failure to Request Child Support Modification at the Custody Modification Proceeding.**

■ [¶ 19] Mother claims the district court erred when it denied her petition for child support modification, in part, because she did not raise the issue during the prior custody modification proceedings. She also asserts that any change in circumstances should be measured from the time the divorce decree establishing child support was entered, not from the time custody was modified. In response, Father argues the district court determined there have been no significant changes in custody or income so the issue is *res judicata*.

[¶ 20] The district court determined that because child support was not addressed at the 2000 custody modification proceeding, and because no significant changes in custody or income occurred from that proceeding until Mother's petition to modify child support, the court would "not now modify child support based on a change of custody that could have been addressed when the change occurred."

■ [¶ 21] Wyo. Stat. Ann. § 20–2–311(a) (LexisNexis 2003) provides that an action to modify a child support order based upon a substantial change of circumstances may be brought by a party *at any time*. *See also Watson v. Watson*, 2002 WY 180, ¶ 5, 60 P.3d 124, ¶ 5 (Wyo.2002). In the interests of judicial economy, changes in custody and child support modification, if warranted, would ideally be considered at the same time. However, nothing in the law requires that be

done. Thus, a party is not precluded from addressing child support subsequent to a change in custody. "When ... support obligations are either not asserted or not determined, subsequent judicial consideration may be invoked for decision on all facts elicited at a subsequent hearing." *Warren v. Hart,* 747 P.2d 511, 513–14 (Wyo.1987).

[¶ 22] To the extent the district court's decision to deny Mother's petition was based upon her failure to request child support modification at the same time the change in custody was requested, it is in error.

### 3. Change of Circumstances

▬▬▬▬ [¶ 23] In determining whether a change of circumstances occurred, the district court considered the time from the custody modification hearing to the child support hearing, rather than the time from when the divorce was granted and child support determined to the child support modification hearing. Our case law clearly states that the party who seeks to have a child support order modified has the burden of showing that a substantial or material change in circumstances has occurred *since the initial decree was entered. Erhart v. Evans,* 2001 WY 79, ¶ 15, 30 P.3d 542, ¶ 15 (Wyo.2001) (emphasis added); *see also Wood v. Wood,* 964 P.2d 1259, 1262 (Wyo.1998). A party seeking support modification must show how the parties' circumstances have changed subsequent to the entry of the original decree. *Cubin,* 685 P.2d at 684.

[¶ 24] In a similar case, *Bradshaw v. Billups,* 587 S.W.2d 61 (Tex.App.1979), the court granted custody of the minor child to the mother and ordered the father to pay $200.00 per month in support. The court subsequently modified custody in the fathers favor and did not address child support at that time. Eventually, the father sought support from the mother. She argued the father must demonstrate a change in circumstances from the date he obtained custody. The court disagreed:

The 1976 order modified only a portion of the original 1974 decree. That modification did not require any child support payments from the mother. We hold that the "relevant period" for measuring a change

in circumstances, as to the mothers obligation to pay child support, begins on the date of the original decree. That is the decree which is being modified.

*Id.* at 62. We agree with this reasoning. *See also Patterson v. Patterson,* 796 So.2d 359, 362 (Ala.App.Ct.2000). Here, a substantial change in circumstances occurred in that custody was modified from shared custody in both parents to primary custody in Mother. Thus, by statute, the presumptive child support amount originally based on shared custody should have been re-evaluated based on primary custody in Mother. With regard to shared custody arrangements, Wyo. Stat. Ann. § 20–2–304(c) (LexisNexis 2003) provides, in pertinent part:

§ 20–2–304. Presumptive child support.

. . .

(c) When each parent keeps the children overnight for more than forty percent (40%) of the year and both parents contribute substantially to the expenses of the children in addition to the payment of child support, a joint presumptive support obligation shall be determined by use of the tables. After the joint presumptive child support obligation is derived from column three of the tables, that amount shall be divided between the parents in proportion to the net income of each. The proportionate share of the total obligation of each parent shall then be multiplied by the percentage of time the children spend with the other parent to determine the theoretical support obligation owed to the other parent. The parent owing the greater amount of child support shall pay the difference between the two (2) amounts as the net child support obligation.

Wyo. Stat. Ann. § 20–2–304(a) (LexisNexis 2003), the applicable statute where one parent, in this case Mother, has primary custody, states:

(a) Child support shall be expressed in a specific dollar amount. The following child support tables shall be used to determine the total child support obligation considering the combined income of both parents. The appropriate table is based upon the number of children for whom the parents

share joint legal responsibility and for whom support is being sought. After the combined net income of both parents is determined it shall be used in the first column of the tables to find the appropriate line from which the total child support obligation of both parents can be computed from the third column. The child support obligation computed from the third column of the tables shall be divided between the parents in proportion to the net income of each. The noncustodial parent's share of the joint child support obligation shall be paid to the custodial parent through the clerk of court.

[¶ 25] Using the previously determined income amounts originally established by the district court,[2] the presumptive guidelines would now require Father to pay approximately $1,500.00 per month in support. That change is over 20 percent, which is a sufficient ground to modify support under § 20-2-311:

> ... If, upon applying the presumptive child support to the circumstances of the parents or child at the time of review, the court finds that the support amount would change by twenty percent (20%) or more per month from the amount of the existing order, the court shall consider there to be a change in circumstances sufficient to justify the modification of the support order.

However, as we clarified in *Pauling v. Pauling*, 837 P.2d 1073 (Wyo.1992):

> [A] twenty percent change in support constitutes a sufficient change in circumstances to modify an order; it does not mean that a court is obligated to modify the support order to conform to the guidelines. The guidelines are still only "rebuttably presumed to be the correct amount of child support to be awarded in any proceeding to ... modify ... child support amounts." Section 20-6-302(a). The court may deviate from the presumptively correct support level created by the guidelines when application of the guidelines would be unjust or inappropriate. To determine whether a particular level would

be unjust or inappropriate, the court may consider a comprehensive list of factors enumerated in § 20-6-302(b).

[¶ 26] Accordingly, the change in custody from shared custody to primary custody in Mother should have been rebuttably presumed to be a sufficient change in circumstances to warrant modification of child support. We remand this matter to the district court for determination of whether a deviation from that presumptive amount is warranted.

### 4. Child Support Modification For "Other Reasons."

[¶ 27] Mother finally argues that child support should be modified for other reasons, namely (1) the parties overall financial status; (2) imputing income to father to reflect low-yield investments; and (3) the child's standard of living to which he would be accustomed had the parents remained married. In response, Father argues that although these factors may be relevant as to whether the district court should deviate from the presumptive child support amount, they are not relevant to the determination of the presumptive amount. However, because we are remanding this case to the district court for consideration of whether deviation is appropriate, it is within the district court's discretion to consider these factors in that new context. We recognize the court's order addressed these substantive issues. However, it also concluded, erroneously as a matter of law, that Mother's petition for modification could not be heard because she did not raise it earlier, and that no change in circumstances occurred even though custody had changed. Consequently, we cannot determine whether its conclusion regarding the appropriate child support would have been different had it applied the appropriate law. Therefore, on remand, the district court should address the issue of deviation from the statutorily presumed child support amount.

---

2. The district court imputed $1,800.00 per month of income to Mother and $12,000.00 per month of income to Father.

■ [¶ 28] In its consideration, the district court should note this Court's prior statement that consideration of a parent's wealth in a child support determination is not an abuse of discretion. *Bereman,* 645 P.2d at 1160. However, no Wyoming authority expressly mandates the consideration of the value of a parent's assets in awarding child support.

## CONCLUSION

[¶ 29] The district court did not abuse its discretion when it denied Mother's request for further discovery, and its order granting Father's motion for protective order is affirmed. The district court erred when it concluded Mother could not seek modification of child support because she had not raised that issue at the change of custody hearing and when it failed to find a change in circumstances after custody changed. We remand this matter to the district court to apply the presumptive guidelines according to the current custody arrangement. On remand, the district court is not required to modify child support, but only to apply the guidelines and explain any deviation it deems appropriate in the exercise of its discretion.