**Karen R. KIDD, now known as Karen R. Seibert, Appellant (Plaintiff),**

**v.**

**William L. KIDD, Appellee (Defendant).**

**No. 91–205.**

Supreme Court of Wyoming.

May 29, 1992.

Richard Kraemer, Ft. Collins, Colo., for appellant.

Richard G. Miller, Casper, for appellee.

Before URBIGKIT, C.J., and THOMAS, MACY, and GOLDEN, JJ., and ROONEY, Ret. J.

ROONEY, Justice (Retired).

Appellant appeals from an Order Modifying Decree and Judgment in a divorce action. The decree was dated April 6, 1987. A Property Settlement and Child Custody and Support Agreement (Agreement) was included in the decree. On March 15, 1991, appellee filed a Motion for Order to Show Cause and Petition to Clarify or Modify the Decree, requesting a reduction in child support from that provided in the Agreement and decree. He also alleged improper retention by appellant of a $1,000 insurance check and an improper claim by her of a tax exemption for the children for the year 1990. On May 10, 1991, appellant filed a Motion for Order to Show Cause and Petition for Review to Increase Child Support and Modify Decree. In it she alleged a delinquency in payment of child support in the amount of $1,650; delinquency in payment of medical expenses in the amount of $575; a refusal to pay attorney's fees in the amount of $800 incurred in the original divorce proceeding; and that appellee's income had increased, wherefore the child support payments should also increase.

The district court granted appellee's motion to reduce the amount of child support and denied appellant's motion to increase them. It ruled that appellant's retention of the $1,000 insurance check be allowed to offset $918 owed by appellee for the children's camp expense; that appellee pay the $1,650 delinquency in child support; that appellee pay the $800 attorney fees; that appellant "sign the Form 8332 allowing

[appellee] to claim the children as exemptions for federal income tax purposes for the year 1990 and subsequent years"; and that appellant's claim of $575 for medical expenses be denied. It also granted appellee's Motion for Protective Order authorizing appellee to not respond in deposition or to interrogatories concerning his net income beyond the affidavit filed by him listing his net income for the years 1987 through 1990.

We reverse the order reducing child support and affirm the other rulings of the district court.

Appellant words the issues on appeal:

"1. Did the trial court err when it lowered the child support [b]elow the amount fixed in the parties agreement which was clear and unequal and absent evidence justifying a reduction[?]

"2. Did the trial court err in reducing the child support amount far below the statutory presumption amount established by W.S. Section 20–6–304 (1990 Supp.)[?]

"3. Where the property settlement agreement provided that the tax exemption claim of the non-custodial parent was conditioned on being current in the support obligation, and the court concluded the non-custodial parent was not current, was it error to conclude that the exemptions should belong to the non-custodial parent?

"4. Was the evidence of the arrearage of $575.00 in medical bills sufficient where the evidence consisted of letters demanding the money and testimony that it was owed but the evidence did not contain an actual invoice?

"5. Did the trial court err in its calculation by allowing a $1,000.00 offset to the 1991 "camp" expense when the testimony indicated that the money had been offset in 1990 and that $918.00 was still owed for 1991?

"6. Did the trial court err in granting a protective order preventing the custodial mother from discovering documentary evidence of the non-custodial father's earnings in addition to the verified financial statement required by W.S. Section 20–6–306(a) (1990 Supp.)[?]

"7. Did the trial court err in failing to provide for an award of attorneys fees where such are allowed by the parties' divorce settlement agreement?"

Appellee words them:

"1. Did the trial court err or abuse its discretion when it reduced monthly child support for a child, not yet nineteen, attending college full-time and living in the dormitory during the months the child is in school?

"2. Did the trial court abuse its discretion when it ordered appellant to allow appellee the 1990 tax exemptions for the children upon payment of unpaid child support and attorney's fees?

"3. Did the trial court err or abuse its discretion in disallowing the $575.00 claim for medical bills and in offsetting the $1,000.00 against the 1991 camp expense?

"4. Did the trial court err in requiring the parties to submit verified financial statements pursuant to Section 20–6–306(a), W.S. and not requiring production of income tax returns and documentation of all financial transactions for the years since the decree was entered?

"5. Did the trial court abuse its discretion in not awarding appellant attorney's fees?"

## CHILD SUPPORT

(First issue of each party, and
second issue of appellant.)

The parties have three children. The oldest, Ginger, was 13 years old at the time of the Agreement. She entered college in September 1991, about a month after reaching the age of 18. She received an athletic scholarship, which paid her room, board and tuition. The Agreement, in Section 2, provided in part:

"b) The husband shall pay child support in the amount of $1,100.00 per month per child until each child reaches the age of majority, is emancipated, or until further order of the Court. Said support shall continue at a reduction of

75% (i.e. a reduction to the sum of $275.00 per month per child) beyond the age of majority and until the child attains the age of twenty-three (23) years, contingent upon the child pursuing a higher education and/or living at least part-time with the mother. A record of such child support payment shall be kept by each of the parties and a receipt mailed to the Court by the wife. Payment of the child support shall commence on the 10th day of April 1987, and be due and payable in a like manner each and every month thereafter until said minor children reach the age of twenty-three (23), are emancipated or until further order of the Court.

\* \* \* \* \* \*

"f) The husband shall provide room and board, tuition and books for the education of the parties' children at either a vocational, technical, or public institution of higher learning of the child's choice for each child through the equivalent of an undergraduate (bachelor's level) degree. However, this provision is not to be interpreted or construed to make the husband responsible for the cost of a preparatory or pre-college private school."

In its order, the district court recited in part:

"The parties at the time of entering into the Agreement did not contemplate the affect of paragraph 2b in the situation such as exists here when Ginger Kidd is attending college living in the dormitory but is under the age of 19 years. That provision of the Decree is hereby modified to provide that when a child is under the age of 19 and attending school residing somewhere other than with the plaintiff, that for nine (9) months a year, i.e., September through May, the amount of child support payable for that child shall be $550.00 per month. During the three months summer break, i.e., June through August, if the child resides with the plaintiff, the child support shall be at the rate of $1,100.00 per month. Once the child reaches the age of 19 years, then child

support shall be payable at the rate of $275.00 per month under the terms and conditions set forth in paragraph 2b of the Agreement."

The district court's effort to reach a fair result through its order reducing the amount of child support payments overlooked two aspects of this case which make successful a contest of the order on this issue: (1) the existence of the detailed and comprehensive Agreement, the contents of which rebut the alleged reason for decrease in the amount of the payments, and (2) the lack of a substantial change in circumstances not contemplated at the time of the Agreement and divorce.

■ The modification of child support provisions contained in a divorce decree is within the sound discretion of the trial court if there has been a substantial change of circumstances since the decree was entered. The district court ordered a modification in this case on the basis of what it believed the parties intended in the Agreement, rather than on a change in circumstances. The Agreement in this case is specific and plain in reflecting the contemplation of the parties to have been exactly contrary to that which the district court found.

■ As indicated in the above quoted portion of the Agreement, the $1,100 per month payment per child was agreed to continue until the child "reaches the age of majority, is emancipated, or until further order of the Court"—no exceptions. The next sentence reflects the recognition by the parties that the determining factor for reduction in child support would be the reaching of the age of majority (Ginger will reach that age on August 21, 1992), with appellee continuing the reduced support payments thereafter to age 23 as long as the child was either "pursuing a higher education" or was "living at least part-time with the mother." The fact that the support payments were not to be in lieu of "room and board, tuition and books" is evidenced by the later provision in the Agreement in which appellee agreed to pay such costs "through the equivalent of an undergraduate (bachelor's level) degree"—

all without any reference to child support payments.

The Agreement provided that appellee be "entitled to a minimum of thirty-six (36) days of visitation with the children in each calendar year." There was no provision for waiver of child support payments during these 36 days or during other times of his "visitation."

Ginger's receipt of the scholarship is an advantage to appellee since he would otherwise have to pay that provided by the scholarship in addition to the child support. Under the Agreement, the child support obligation is separate and apart from the obligation to "provide room and board, tuition and books." Events which change one obligation do not necessarily change the other. The separation of the two obligations also is a recognition by the parties that child support includes more than room, board and school expenses, such as clothes, transportation, recreation, etc.

■ The Agreement is not ambiguous. "A contract is ambiguous if it is obscure in its meaning because of indefiniteness of expression or because of a double meaning being present." *Cliff & Co., Ltd. v. Anderson,* 777 P.2d 595, 599 (Wyo.1989). The terms of the Agreement are definite and clear. There is no room for construction. We will not rewrite contracts under guise of interpretation and, so long as there is no ambiguity, we are bound to apply contracts as they were written. *Arnold v. Mountain West Farm Bureau Mutual Insurance Company, Inc.,* 707 P.2d 161, 166 (Wyo.1985); *McCartney v. Malm,* 627 P.2d 1014, 1020 (Wyo.1981).

■ Beyond that, in order for a modification of divorce decree to be warranted, "it must be established that there has been a material or substantial change of circumstances which outweighs society's interest in applying the doctrine of res judicata." *Mentock v. Mentock,* 638 P.2d 156, 158 (Wyo.1981); *See also Manners v. Manners,* 706 P.2d 671 (Wyo.1985). In this case, the

modification is requested on the basis of an alleged contemplation of the parties contrary to the terms of the Agreement and not on a change in circumstances. The present circumstances are those which existed at the time of the Agreement and of the divorce. The ages of the children were then known. The ages they would be when they entered college in the normal course of events were known. College expenses, such as board, room and tuition were anticipated with provision that appellee would pay for them, without any arrangement for offset in support payments.

Since we find error in modifying the divorce decree contrary to the specific child support provisions of the Agreement, which was made part of the decree, and absent a substantial change in circumstances not anticipated at the time of the Agreement, it is unnecessary to consider whether or not the modification order was also violative of the child support guidelines in Wyo.Stat. § 20–6–304 (1991 Supp.) (appellant's second issue).[1]

## TAX EXEMPTION

### (Appellant's third issue, appellee's second issue)

The Agreement (made part of the divorce decree) provided in part:

"The husband shall be allowed to claim the parties' children as dependents for income tax return purposes so long as he remains current in his obligations to the children."

■ Appellant did not sign the IRS exemption relinquishment for 1990 since appellee was then delinquent in child support payments. In the Order Modifying Decree and Judgment, the district court directed appellant to sign "Form 8332 allowing defendant to claim the children as exemptions for federal income tax purposes for the year 1990 and subsequent years." Since the district court also directed payment by appellee to appellant of all delinquencies in child support, it did not abuse its discretion

---

1. Wyo.Stat. § 20–6–304 sets guidelines for fixing the amount of child support on the basis of the obligor's net monthly income.

in this ruling. ·Payment of the delinquencies removed the reason for loss of the exemptions. Even without consideration of the requirements of the tax laws in this respect, retention of the exemptions by appellant as a penalty against appellee for late payment of child support rather than in furtherance of the purpose for which exemptions are allowed (furnishing of support—here ordered to be paid) would be improper.

## MEDICAL EXPENSE

### (Appellant's fourth issue, part of appellee's third issue)

■ The Agreement made part of the divorce decree provided in part with reference to medical expenses:

"The wife shall be responsible for all medical, dental and orthodontic and optical expenses not covered by insurance, up to a maximum of $300.00, per year and the husband shall be responsible for all health expenses for the minor children over the $300.00."

Appellant testified that appellee owed her $575 in excess of $300 spent in 1989, but supporting evidence as to the nature of treatment, recipient of it, itemization of charges, etc., was not presented. Appellant testified that this supporting evidence had been previously furnished to appellee, but was not presented to the court. Thus, it was within the discretion of the trial court to deny the claim. The denial did not exceed the bounds of reason under the circumstances. The court could reasonably conclude that the claim was not sufficiently established.

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances."

*Martinez v. State*, 611 P.2d 831, 838 (Wyo. 1980).

## CAMP EXPENSE

### (Appellant's fifth issue, part of appellee's third issue)

■ The Agreement provided in part:

"The husband shall be responsible for extraordinary costs not contemplated or reasonably anticipated for the parties' children such as camps, sports related activities or other educational activities, in the amount of not more than $1,500.00 per year for the children."

In his Motion for Order to Show Cause and Petition to Clarify or Modify the Decree, appellee alleged that appellant had improperly cashed a $1,000 refund check from appellee's insurance company. In her response to said motion, appellant alleged that the check was made payable to her at appellee's direction, and that she used the money to apply to the $1,500 per year camp obligation for *1990*.

In the Order Modifying Decree and Judgment, the district court found and ordered that:

"The claim for $918.00 for camps for *1991* should be allowed, but the $1,000.00 insurance refund check kept and spent by the plaintiff may be retained by the plaintiff for payment of that amount." (Emphasis added.)

Appellant contends that the court inadvertently referred to the year *1991* in the Order rather than the year 1990, and that appellee still owes the $918 expended in *1991*. One of appellant's exhibits (plaintiff's 11) reflects that appellant stated in a letter of July 23, 1991, to appellee's attorney that she had applied the $1,000 to *1990* "camp" expenditures of $1,090. Another exhibit (plaintiff's 9), an itemization of expenses by appellant, reflects $918 as owed by appellee for such expenditures in *1991*. Whether or not the court's order contains a typographical or other error is immaterial inasmuch as appellee has paid for one or the other of the obligations and still owes the one not paid for. The application of the $1,000 check to one of the obligations leaves the other one still owed. If payment of the one still owed is not made by appel-

lee on demand, appellant can again present the matter to the district court.

## PROTECTIVE ORDER RE: DISCOVERY

(Appellant's sixth issue, appellee's fourth issue)

 In furtherance of appellant's motion of May 10, 1991, to increase the amount of child support payments (among other things), appellant served some interrogatories on appellee in which detailed information was requested concerning his finances, including production of copies of his income tax returns. The district court granted appellee's request for a protective order preventing the production of the tax returns and ordering the filing of the affidavits referred to in Wyo.Stat. § 20–6–306(a) (1991 Supp.).[2] The affidavit filed by appellee reflected the figures for the years 1986 through 1990. Appellee's deposition was taken, and appellee refused to answer questions concerning the tax returns. The court then reviewed appellee's tax returns in camera and reported that the returns were consistent with the affidavit and that the protective order would remain in effect.

In this instance, we do not find an abuse of discretion. The tax returns being consistent with that already known, they would add nothing to the determination of the issues in this case, and there would be no reason to make public the information in them. Only if the returns were inconsistent with the affidavit would appellant benefit from an examination of them. In its

ruling, the district court did not exceed the bounds of reason. It could reasonably rule as it did. *Martinez*, 611 P.2d at 838.

## ATTORNEY'S FEES

(Appellant's seventh issue, appellee's fifth issue)

 The district court refused to award appellant attorney fees for services performed in this action for modification and enforcement of the divorce decree. Evidence necessary for the allowance of such fees was not presented, i.e., the reasonableness of them and the necessity for them. Attorney's fees cannot be awarded absent proof or an evidentiary basis upon which to determine the reasonableness of them. (*See, e.g., Greenough v. Prairie Dog Ranch, Inc.*, 531 P.2d 499, 503 (Wyo.1975). Such evidence was not here presented.

## IN SUMMARY

We reverse the district court's order reducing the amount of child support and remand the case for the entry of an order accordingly. We affirm the other holdings of the district court.

---

2. The district court apparently treated this action as one under Wyo.Stat. § 20–6–306(a). It provides in part:

"Any party * * * may petition for a review and adjustment of any child support order that was entered more than thirty-six (36) months prior to the petition or which had not been adjusted within thirty-six months from the day of filing of the petition for review and adjustment. * * * The court shall require the parents to complete a verified financial statement, and shall apply the guidelines set out in this article in conducting the review and adjustment. * * * The provisions of this section do not preclude a party or assignee from bringing an action for modification of a support order, based upon substantial change of circumstances, at any time."